No. 4059

Second Circuit

CAUSEY v. STATE LIFE INS. CO.

(July 14, 1931. Opinion and Decree.)
(October 1, 1931. Rehearing Refused.)
(November 3, 1931. Writ of Certiorari and
Review Refused by Supreme Court.)

H. W. Ayres, of Jonesboro, attorney for plaintiff, appellant.

Barksdale, Warren & Barksdale, of Ruston, attorneys for defendant, appellee.

WEBB, J. Defendant, State Life Insurance Company of Indiana, issued a policy for $1,000 on the life of William H. Causey, in which Clara O. Causey, wife of the insured, was named as the beneficiary. The contract provided for a change of the beneficiary, and under that stipulation the insured changed the beneficiary from his wife to his mother, and again from his mother to his wife, all as appears from the indorsements on the policy.

The insured died in November, 1929, and, in the present action, Clara O. Causey, alleging that she was the beneficiary under the policy, and the facts as above stated, seeks to recover judgment against defendant for the amount of the policy, with interest and costs.

Defendant answered admitting the facts above stated, but denied that plaintiff was the beneficiary and alleged that Minnie L.

Causey, sister of the insured, was the beneficiary; and that the amount of the policy had been paid to her, less $237, which had been loaned to the insured on the policy. And, over plaintiff's objection, defendant was permitted to file an amended answer in which it alleged that the insured had changed the beneficiary from plaintiff, the wife of the insured, to Minnie L. Causey, his sister, by a formal act which had been accepted by the defendant, and that such change of beneficiary was not indorsed on the policy for the reason that the policy was in the possession of plaintiff, who refused to surrender same for the indorsement to be made thereon. On trial, judgment was rendered rejecting plaintiff's demands and she appeals.

As stated, the amended answer was filed over the objection of plaintiff, and on trial defendant was permitted, over the objection of plaintiff, to introduce in evidence, documents showing the application of the insured to have the beneficiary changed from Clara O. Causey to Minnie L. Causey, and the acceptance of defendant indorsed on the application, and also other documents showing that the insured had secured a loan on the policy, as alleged by plaintiff.

In presenting the cause here, appellant urges that the rulings of the court were erroneous, and further that, under the pleadings and evidence showing that there had not been any indorsement on the policy of the change of beneficiary, the proof showing that the insured had directed that a change of the beneficiary be made, although accepted by the insurer, was not sufficient to effect a change of the beneficiary in the absence of proof that the policy was in the hands of plaintiff, and that she had refused to surrender same in order

that the indorsement could be made thereon.

With reference to the ruling of the court on the objection of plaintiff to the amended answer, the objection was that the amendment changed the issues; but, considering the original answer in which defendant denied that plaintiff was the beneficiary and alleged that Minnie L. Causey was the beneficiary, the amendment was not in conflict with the original answer and at most merely made the issue more distinct, apprising the plaintiff of the proof which would be offered to support the defense, and we are of the opinion that the objection to the amendment was properly overruled (Southport Mill Co. v. Friedrichs, 167 La. 101, 118 So. 818), and, the record not indicating that plaintiff was taken by surprise, she has no cause for complaint.

The objection to the offering of the documents in evidence was that they were irrelevant and immaterial and not admissible to vary the contract; or, as we gather, the objection was based on the theory that it was essential that the defendant should prove that the change of beneficiary was indorsed on the policy, which is substantially the same theory advanced by appellant on the merits, with the exception that the appellant apparently concedes that, if the failure to make the indorsement of change of beneficiary on the policy was due to the fault of plaintiff, she could not take advantage of her own fault.

The provision authorizing a change of the beneficiary required that the insured give the insurer written notice of the desired change, and the documents showing such notice were certainly relevant, and the

objection to the offering went to the effect rather than to the admissibility of the evidence, and was properly overruled.

Considering appellant's contention on the merits, and passing the suggestion that defendant did not prove the failure to indorse the alleged change of beneficiaries on the policy was due to the fault of plaintiff, which proof would not be necessary unless the indorsement was essential, or that the change of the beneficiary could not be made otherwise than by an indorsement of such change on the policy, we consider that question.

In this connection, it is conceded that the right to change the beneficiary arose from the contract between the insured and the insurer and involves the question of the intent of the parties, as expressed in the provision relative to the change of the beneficiary, which provision reads as follows:

"The insured at * * * any time during the continuance of this policy and subject to the rules of the company regarding * * * change of the beneficiary, may change the beneficiary by a written notice to the company at its Home Office; such change shall take effect on the endorsement of the same on the policy by the company," etc.

Considering the intention of the parties as expressed in the provision quoted, we do not think the provision shows it was their intention that the beneficiary could not be changed otherwise than by the indorsement of such change on the policy. The requirement for the indorsement of the change of the beneficiary on the policy was for the benefit of the insurer and could be waived by it (Supreme Council of R. A. v. Behrend, 247 U. S. 394, 38 S. Ct.

522, 62 L. Ed. 1182, 1 A. L. R. 966; Cooley's Briefs on Ins., vol. 7, p. 6461); and the requirements should be regarded as having been made merely to evidence the consent of the insured (Quist v. Western & So. Life Ins. Co., 219 Mich. 406, 189 N. W. 49). The evidence establishing that the insured had made application on a printed form of the insurer to have the beneficiary changed, which was accepted and consented to by the insurer, as shown by the indorsement on the application, shows that as between the insured and the insurer they did not consider it was essential that the indorsement of the change of beneficiary should be made on the policy, and there cannot be any doubt that as between the insured and the insurer the change of beneficiary was effective; and, unless it may be said that the plaintiff had a vested interest in the contract, we are of the opinion that the change of beneficiary was also effective as to her.

It is conceded that, under the provision permitting the change of the beneficiary, plaintiff did not have a vested interest in the contract, and that the insured had the right to have Minnie L. Causey, his sister, substituted as the beneficiary, instead of plaintiff, without the latter's consent (Alba v. Provident Savings Soc., 118 La. 1021, 43 So. 663; Toussant v. National Life & Accident Ins. Co., 147 La. 977, 86 So. 415; Pollock v. Pollock, 164 La. 1077, 115 So. 275; Cooley's Briefs on Ins., vol. 7, p. 6406), and we think it follows that the change of beneficiary was effective as to plaintiff.

We are therefore of the opinion that the judgment rejecting plaintiff's demands was correct, and it is affirmed at appellant's cost.