**FIDELITY UNION LIFE INSURANCE COMPANY, Appellant,**

v.

**Texas Weaver METHVEN, Appellee.**

**No. 7225.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 29, 1960.

Rehearing Denied Dec. 20, 1960.

H. B. Houston, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Dan Rogers, Dallas, for appellee.

DAVIS, Justice.

Appellee-plaintiff, Mrs. Texas Weaver Methven, a widow, sued appellant-defendant, Fidelity Union Life Insurance Company, to recover the proceeds of a policy of insurance in the sum of $5,000 issued on the life of her husband, Archibald Douglass Methven, Jr. Appellant issued to Mr. Methven on February 22, 1954, a policy of life insurance in the sum of $5,000, in which the beneficiary was named as Texas Weaver Methven, wife of the insured, if she survived the insured, otherwise to Paul Douglass Methven, son of the insured, and Paulette Douglass Methven, daughter of the insured. The premiums were made payable monthly, and the policy was turned over to Mrs. Methven, who placed the same in a "lock box" at the bank to which

she and her husband, Mr. Methven, each had a key. The policy remained there until after the death of Mr. Methven. After the policy was issued, Mr. Methven left his wife and went to live with a sister in San Antonio, Texas.

On July 24, 1956, a letter was written to the Company by Mrs. Jessie M. Edge for Mr. Methven, in which letter Mr. Methven made a request for Change of Beneficiary forms. The request was received by the Company on July 25, 1956. On January 2, 1956, Mr. Methven mailed the two copies of the Change of Beneficiary forms to the Company. He did not return the policy to the Company, but he stated that it was in the possession of Mrs. Methven. He notified the Company that he and Mrs. Methven were not divorced, but that for the last nine months they had been separated, and that he had been living in San Antonio. He further stated that he felt like an organization such as the Company had must run into situations of this kind quite often, and have some means whereby adjustments could be made without the original policy. The application for Change of Beneficiary was dated November 27, 1956, in which Mr. Methven made application to change the beneficiary to Jessie Methven Edge, as Trustee for Jeff Douglass Methven, Paul Douglass Methven, and Paulette Douglass Methven. On January 10, 1957, there was a change of beneficiary endorsed on the application. On the application, we find the following: "Important! This endorsement forms a part of your policy and should be attached to same." At the bottom of the application for Change of Beneficiary there is the following notation: "Please complete this form in duplicate in accordance with instructions on the reverse side. (Use ink)." On the back side of the form we find the following notation: "It is necessary to send in your policy for endorsement." On the face of the policy we find the following notation: "This policy is issued and accepted subject to all the benefits, privileges, and conditions set forth on the following pages, which are hereby made

a part of this policy." On the second page of the policy we find the following notation: "4. Change of Beneficiary: Subject to the terms of any existing assignment, the insured may have the beneficiary under this policy changed as often as is desired by making written request therefor." Then on the last page of the policy we find the following: "Register of Change of Beneficiary. Note: No change, designation, or declaration of change of Beneficiary shall take effect until endorsed on this Policy by the Company at the Home Office."

By a trial amendment, appellant alleged that appellee had sued Mrs. Edge in the District Court of Bexar County. It alleged she agreed to accept a release from the eldest son of Mr. Methven in consideration of the payment by Mrs. Edge of $1,662.27 out of the insurance money to said eldest son. It offered some evidence that the appellee had made such an agreement, and that she had secured such a release. The release was not offered in evidence, neither was it proved that Mrs. Edge paid the money out of the insurance money that had previously been paid to her. Appellee had objected to the filing of the trial amendment and to the evidence. In view of the evidence and the law governing the liability of the insurance company, it is not material.

The case was tried before a jury. At the close of the testimony, the trial court withdrew the case from the jury and rendered judgment for the appellee for two-thirds of the amount of the policy, plus statutory 12% penalty, attorney's fees, and 6% interest from February 22, 1958.

The appellant brings forward ten points of error in which it complains of the action of the trial court in rendering judgment for the appellee. To these points of error the appellee makes the counterpoints of error that the trial court erred in permitting the allegations by the appellant, in admitting evidence adduced by the appellant which tend to vary the terms of the policy,

and in limiting the appellee's recovery to an amount less than the Five Thousand Dollars.

In addition to the facts as hereinabove stated, Mr. Methven spent Christmas of 1957 with his wife and children in Dallas, Texas. It was her contention that he never at any time requested the policy be given to him, or be turned over to the insurance company. He died on January 22, 1958. We have examined the statement of facts very carefully, and we do not find where the insured has substantially complied with any of the provisions of the policy relative to the change of beneficiary. This opinion is in conformity with Scherer et ux. v. Wahlstrom et al., Tex.Civ.App., 318 S.W. 2d 456, error refused.

As we have heretofore stated, the appellant offered in evidence the application for change of beneficiary, without restrictions, and they are bound by every statement therein contained. Lock v. Morris, Tex. Civ.App., 287 S.W.2d 500, writ refused, n. r. e. In this instrument, there was the notice that the endorsement was to form a part of Mr. Methven's policy and should be attached to same, and it instructed him that "It is necessary to send in your policy for endorsement." This he did not do. On the policy there is the notation: "Note: No change, designation, or declaration of change of beneficiary shall take effect until endorsed on this Policy by the Company at the Home Office." In view of the holding of the case of Scherer v. Wahlstrom, supra, it was required of the insured to comply with those instructions to effectuate a change of the beneficiary, and the Company was bound thereby. They had notice of the appellee's claim for the policy. She called them on January 30, 1958. They paid the claim on February 8, 1958, without the surrender of the policy, or making any effort to see that the instructions given the insured had been complied with.

The appellant's points of error are without merit, and are overruled. The coun-terpoints of error are sustained, and judgment is here rendered for the appellee for the total amount of the insurance, plus 12% penalty, attorney's fees, and 6% interest on all of same from February 22, 1958, until paid.

Reformed and affirmed.