FIDELITY UNION LIFE INSURANCE COMPANY V.
TEXAS WEAVER METHVEN

No. A-8220. Decided May 31, 1961
(346 S. W. 2d Series 797)

*Strasburger, Price, Kelton, Miller, & Martin* and *Royal H. Brin,* all of Dallas, for petitioner.

*Thompson, Knight, Wright & Simmons* and *Dan Rogers,* all of Dallas, for respondents.

MR. CHIEF JUSTICE CALVERT delivered the opinion of the Court.

Respondent, as plaintiff, brought this suit against petitioner, as defendant, to recover the proceeds of a policy of insurance on the life of plaintiff's husband, Archibald Douglass Methven, Jr. Trial was to a jury, but at the close of the evidence both parties filed motions for an instructed verdict. The trial judge discharged the jury and rendered judgment for the plaintiff for the sum of $3,324.54, plus interest, the statutory penalty, and attorney's fees. The Court of Civil Appeals reformed the judgment to allow a recovery of $5,000.00, plus interest, penalty and attorney's fees, and affirmed. 341 S.W. 2d 698.

We hold that judgment should have been rendered for the defendant; accordingly, we reverse the judgments of the Court of Civil Appeals and trial court and here render judgment that the plaintiff take nothing.

Plaintiff was named as the principal beneficiary in the policy when it was purchased. The crucial question in the case is whether the insured had changed the beneficiary before his death. To answer that question we must first decide whether the defendant could, and did, waive compliance with the policy provisions for effecting a change of beneficiary.

The policy contains the following pertinent provision: "Subject to the terms of any existing assignment, the insured may have the beneficiary under this policy changed as often as desired, by making written request therefor." A blank space is provided in the policy for registering a change of beneficiary. Above this space is the following language: "Note—No change, designation or declaration of change of Beneficiary shall take effect until endorsed on this policy by the Company at the Home Office."

On July 24, 1956, the insured, then separated and living apart from the plaintiff, wrote the defendant insurer and requested a change of beneficiary form. Pursuant to the request the defendant mailed to the insured duplicate printed forms of "Application for Change of Beneficiary." The forms were completed and signed by the insured on November 27, 1956, and were returned to the defendant with a letter of transmittal on January 2, 1957.

A copy of the application for change of beneficiary is in the record. Printed on the face of the application is the statement that the insured "revokes any previous designation of beneficiary * * and requests that any provision in this policy requiring endorsement on the policy to effect a change of beneficiary be waived * *." The form was filled in designating "Jessie Methven Edge—Sister as trustee for" the insured's three children as the new beneficiary. On the reverse side of the application are printed instructions "with respect to changing beneficiary." One of these instructions is: "It is not necessary to send in your policy for endorsement." The word "not" is blotted or inked out of the instruction. The record does not disclose definitely whether the word was blotted out before the form was mailed to the insured or at a latter time.

The insured's letter transmitting the completed application for change of beneficiary stated: "The form requests that the policy be forwarded with the change of beneficiary request, however, the policy is not in my possession * *. I feel sure that

with an organization such as you have that you must run into situations of this kind quite often and have some means whereby adjustments can be made without having the original policy." This letter indicates that the word "not" had been blotted out of the instruction quoted above before the forms were mailed to the insured.

The letter and the completed application forms were received by the defendant on January 9, 1957. On January 10th defendant made a typewritten entry on its record sheet for the Methven policy showing that the beneficiary was changed from "Texas Weaver Methven, wife, if living, otherwise to Paul Douglass Methven, son, and Paulette Douglass Methven, Daughter" to "Jessie Methven Edge, sister, as Trustee for Jeff Douglass Methven, Paul Douglass Methven, Sons, and Paulette Douglas Methven, Daughter." On the same date, in a place provided for "HOME OFFICE ENDORSEMENT" on the application for change of beneficiary, defendant completed and signed a statement that "The requested change have been recorded at the Company's Home Office on January 10, 1957." One of the duplicate forms thus completed was retained in the home office of the defendant and the other was returned to the insured. Stamped at the top of the form was this inscription: "IMPORTANT! This endorsement forms a part of your Policy and should be attached to the same."

The insured died on January 22, 1958. Mrs. Edge filed proof of death and claim for the policy proceeds, and defendant paid to her the full amount of the policy death benefit of $5,000.00.

In view of the facts recited, plaintiff's right to recover must rest upon the theory that defendant could not, or did not, waive compliance with the policy requirements for change of beneficiary, and that there had been no substantial compliance with those requirements.

█ Considering the purpose of requirements for effecting a change of beneficiary in an insurance contract, the respective rights of insurer, insured and beneficiary, and the logic of many well reasoned decisions on the subject, the following rules, controlling a decision in this case, may be regarded as sound:

1. When an insured retains the right to change the beneficiary in a life insurance policy, a beneficiary ordinarily acquires no vested rights, by virtue of designation, in either the policy or its proceeds until the insured's death, and, therefore,

has no legal standing during the lifetime of the insured to insist upon either strict or substantial compliance with policy requirements for change of beneficiary. Splawn vs. Chew, 60 Tex. 532; 29A Am. Jur. 721, Insurance, § 1640; Volunteer State Life Ins. Co. vs. Hardin, 145 Tex. 245, 197 S.W. 2d 105.

2. Policy requirements for effecting a change of beneficiary are primarily for the benefit of the insurer and compliance with them may be waived by the insurer during the lifetime of the insured. 29A Am. Jur. 768, Insurance, § 1689; Johnson vs. Johnson, 5th Cir., 139 F.2d 930, 151 A.L.R. 268. Statements in Garabrant vs. Burns, 130 Tex. 518, 111 S.W. 2d 1100, Kotch vs. Kotch, 151 Tex. 471, 251 S.W. 2d 520, and Creighton vs. Barnes, 152 Tex. 309, 257 S.W. 2d 101, to the effect that such policy requirements are also for the benefit of the beneficiary named in the policy are not inharmonious with this rule. In those cases compliance with policy requirements was not waived during the lifetime of the insured.

3. When Policy requirements for effecting a change of beneficiary have been waived by the insurer and a change of beneficiary in a manner satisfactory to the insurer and the insured has been completed during the lifetime of the insured, the ousted beneficiary has no legal standing after death of the insured to assert that the change was effected without substantial compliance with policy requirements. 19 A.L.R. 2d 5, 113; Quist vs. Western & Southern Life Ins. Co., 219 Mich. 406, 189 N.W. 49; Jackson vs. Leonard, 169 Ga. 324, 150 S.E. 152; Causey vs. State Life Ins. Co., 17 La. App. 545, 135 So. 747; Swygert vs. Durham Life Ins. Co., 229 So. C. 199, 92 S.E. 2d 478.

■ 4. When policy requirements have not been waived by the insurer during the lifetime of the insured, right to the policy proceeds vests immediately in the beneficiary named in the policy and that right cannot be defeated by mere proof that it was the intention of the insured to change the beneficiary or of acts by the insured falling short of substantial compliance. Wright vs. Wright, Tex. Civ. App., 44 S.W. 2d 1019, writ refused; Kotch vs. Kotch, 151 Tex. 471, 251 S.W. 2d 520; Creighton vs. Barnes, 152 Tex. 309, 257 S.W. 2d 101; Tips vs. Security Life & Accident Co., 144 Tex. 461, 191 S.W. 2d 470.

■ Application of the foregoing rules to the facts of this case make its proper solution relatively simple. The evidence is conclusive that defendant waived its right to insist that the policy

be sent to it as a condition precedent to changing the beneficiary and waived its right to require that the change of beneficiary be endorsed on the policy before it became effective. It accepted the insured's application for change of beneficiary upon his statement that the policy was not available for forwarding and his implied request that adjustments "be made without having the original policy." It then noted the change of beneficiary on its policy record and returned one of the duplicate applications to the insured with endorsement notifying the insured that the requested change of beneficiary had been recorded at the home office. The transaction was completed more than a year before the insured's death and at a time when the plaintiff, as beneficiary, had no vested rights in the policy and no legal standing to insist that the policy be forwarded to the defendant and that the change of beneficiary be endorsed thereon. True, when the endorsed application was returned to the insured it contained a stamped statement that it formed a part of the policy and should be attached to it, but failure to attach the endorsement cannot affect the validity of the change of beneficiary. The statement was nothing more than advice. All endorsements agreed to by the contracting parties should be attached to insurance policies, but failure to attach them does not invalidate them. Maryland Casualty Co. vs. Beebe, 54 F.2d 743.

■ Waiver of policy requirements for change of beneficiary is not prohibited by Sec. 2 of Art. 3.49-1 of the Insurance Code.

This is not a case in which death of the insured occurred before change of beneficiary was fully completed to the satisfaction of the contracting parties, and the question of substantial compliance is not pertinent. In this and other respects the case is distinguishable from Garabrant vs. Burns, 130 Tex. 518, 111 S.W. 2d 1100, Kotch vs. Kotch, 151 Tex. 471, 251 S.W. 2d 520, Creighton vs. Barnes, 152 Tex. 309, 257 S.W. 2d 101, and Scherer vs. Wahlstrom, Tex. Civ. App., 318 S.W. 2d 456, writ refused, all cited by plaintiff.

In Garabrant vs. Burns the insured wrote a letter in which he stated that he wished certain named relatives to be the beneficiaries of his policy. He died before any action was taken by the insurer. Decision of the case went off entirely on our holding that the letter did not meet policy requirements as an application for change of beneficiary. In Kotch vs. Kotch the insured mailed an application for change of beneficiary to his em-

ployer but there was no evidence that the application had been forwarded to the insurer. The insured died before any action was had on the application. We held that the mere mailing of the application, with no attempt to obtain and send in the policy as required by the policy, did not constitute substantial compliance with the requirements to effect a change of beneficiary. In Creighton vs. Barnes we held that a statement in a will that the testator-insured was making certain life insurance policies payable solely to his wife did not effect a change of beneficiaries in the policies because it did not constitute substantial compliance with policy requirements. In Scherer vs. Wahlstrom we approved the holding of the Court of Civil Appeals that a mere indication of an intention to change the beneficiary and receipt of proper forms for making application therefor, which forms remained unexecuted at the time of the insured's death, did not constitute substantial compliance with policy requirements for effecting a change of beneficiary.

Plaintiff directs our attention to the 1957 amendment of Sec. 1, Art. 23, V.A.C.S., Acts 55th Leg., Regular Session, Chap. 404, defining "life insurance policies and the effects thereof" as property. Whatever effect that amendment may have on the right of the plaintiff to recover a part of the policy proceeds as her community property interest from Mrs. Edge, or even from defendant, it can have no effect on the rights of the parties in this suit. This was a suit by plaintiff to recover the entire proceeds of the policy by virtue of her designation as beneficiary in the policy.

The judgments of the Court of Civil Appeals and trial court are reversed and judgment is here rendered that the plaintiff take nothing.