W. J. VESMIROVSKY, Independent Executor, and First National Bank of Harlingen, Administrator, Appellants,

v.

Annie Lou BEACH, Appellee.

No. 11094.

Court of Civil Appeals of Texas.

Austin.

May 22, 1963.

Rehearing Denied June 13, 1963.

Carter, Stiernberg, Skaggs & Koppel, Franklin T. Graham, Jr., Harlingen, for W. J. Vesmirovsky.

Gibbon & Harper, Harlingen, for First Nat. Bank of Harlingen, Adm'r.

Orrin W. Johnson, Harlingen, for appellee.

PHILLIPS, Justice.

This is an appeal from a summary judgment granted the appellee herein, Annie Lou Beach in a suit brought by the Southwestern Life Insurance Company, the plaintiff below, to determine the rightful beneficiary to the proceeds of an annuity pension fund contract. The life insurance company placed the proceeds $3,607.93 in the registry of the Court.

The Southwestern Life Insurance Company brought this action in the Trial Court against W. J. Vesmirovsky, Independent Executor of the estate of Riley B. Vesmirovsky, deceased, the First National Bank of Harlingen, as administrator with the will annexed of the estate of Vivian Vesmirovsky, deceased, Louise Dodson, H. V. Richards, and John Lyman as trustees of the Hygeia Employees Pension Trust, defendants, alleging that all the defendants were claiming, or had an interest in the proceeds of a retirement annuity contract issued by the Southwestern Life Insurance Company in January of 1947 and thereafter in 1949 in behalf of Vivian Vesmirovsky, now deceased. The contract between Hygeia and Southwestern Life Insurance Company insured the pension fund trust established by Hygeia for their employees.

The defendants, W. J. Vesmirovsky, as Independent Executor, the First National Bank of Harlingen, Administrator, and Annie Lou Beach, filed answers claiming the proceeds of the fund in question and the defendant trustees of the Hygeia Employees Pension Trust, filed an answer disclaiming any right to the proceeds in question. In their answer the trustees of the pension trust did, however, direct the Southwestern

Life Insurance Company to pay the proceeds of the annuity contract to appellee, Annie Lou Beach, in compliance with the provisions of the trust agreement.

Appellee, Annie Lou Beach, and appellant, First National Bank of Harlingen, Administrator, made motions for summary judgment, which were contested by appellant, W. J. Vesmirovsky, Executor. As stated above, the Court sustained the motion of Annie Lou Beach for summary judgment and the bank and W. J. Vesmirovsky have appealed to this Court.

We hold that the judgment of the Trial Court is correct.

The issue before this Court is whether or not the deceased Vivian Vesmirovsky, had the right to change the beneficiary under the abovementioned pension trust contract and insurance contract from her husband, whom she had divorced, to her mother Annie Lou Beach.

On January 1, 1947, the Southwestern Life Insurance Company entered into a Pension Trust Retirement Annuity Contract with the Hygeia Milk Products Company. Vivian Vesmirovsky was employed by the Hygeia Dairy Company in 1949 and became eligible for the benefits provided for in the policy issued by the life insurance company. From time to time, the trustees of the pension trust purchased a retirement annuity coverage from the abovementioned life insurance company on the life of Vivian Vesmirovsky, and at the time each of the coverages were purchased, the trustees designated Riley B. Vesmirovsky, Vivian Vesmirovsky's husband, as beneficiary to the proceeds of the pension fund in case of Vivian's death.

During July of 1961, Vivian Vesmirovsky had Lynn Kerr, who was then secretary to the trustees of the pension fund and herself a trustee, arrange to have her beneficiary to the proceeds from the trust fund changed from her husband Riley Vesmirovsky to her mother Annie Lou Beach. There is some dispute as to the exact man-

ner in which this change of beneficiaries was accomplished, however there is no dispute that Vivian Vesmirovsky signed the application to change beneficiaries and desired to make such a change.

In October of 1961, Vivian Vesmirovsky was divorced from Riley B. Vesmirovsky.

In November of 1961, Vivian Vesmirovsky died. Riley B. Vesmirovsky is also now dead.

W. J. Vesmirovsky, Independent Executor of the Estate of Riley B. Vesmirovsky, deceased, maintains that when the two contracts are construed, Riley B. Vesmirosky, Vivian's deceased husband would still be the beneficiary and the proceeds of the annuity contract would pass to his estate. Under the construction urged by the First National Bank of Harlingen, the proceeds would pass to the estate of Vivian Vesmirovsky. Annie Lou Beach, Vivian Vesmirovsky's mother maintains that Vivian changed beneficiaries before her death and that such change was done in accordance with the provisions of the two contracts.

The Hygeia Company's insurance contract with the Southwestern Life Insurance Company contains the following provisions in paragraph 2:

Change of Beneficiary:

"The Annuitant may have any beneficiary of this Contract changed and a new beneficiary designated by endorsement hereon, at any time while the contract is in force and not assigned, upon making written application for such change at the Home Office of the Company. The change shall take effect and all interests of the former beneficiary shall seize, only upon the making of such endorsement by the Company."

Paragraph 6—Policy and Application Entire Contract:

"This Contract and the written and printed application therefore constitute the entire contract between the parties thereto. A copy of the application is attached hereto. All statements of the Annuitant shall, in the absence of fraud, be deemed representations and not warranties. No change or modification of this Contract can be made, and no waiver of conditions or extension of the time for premium payments shall be valid, unless made in writing in the Home Office and signed by the President, Vice President, Secretary, Actuary, Assistant Actuary or Assistant Secretary; and the Company shall not be bound by any information possessed by any other person nor by any promise or statement made by or to any other person at any time heretofore or hereafter."

Paragraph 7—Control of Benefits:

"Anything contained in this Contract, to the contrary notwithstanding, the control and all incidents of ownership in and to said contract shall be and are hereby vested in the Trustees of the Hygeia Employees Pension Trust and their successor Trustees instead of in the Annuitant herein named, and said Trustee shall have each and every right and receive each and every benefit given and reserved in said contract to the Annuitant and without the consent of the Annuitant may exercise any such right and receive any such benefit and may agree with the Company to change or amend said contract. The Company shall be under no duty or obligation to determine the existence or extent of the powers and authorities of the Trustees of the aforesaid Pension Trust, or of any one of said Trustees, and shall incur no liability to the Annuitant or to any other person by reason of any transaction had by and with the Trustees, or any one of them, in respect to this Contract. The Company shall be under no duty or obligation to see to the proper use and application of any monies paid to said

Trustees, or any of them under the terms hereof, but upon making payment as herein provided shall be fully discharged as to all amounts so paid."

The appellants contend that Vivian Vesmirovsky had no right to change the designation of her beneficiary under the provisions of the abovementioned contract and that even if she had such a right the change was not properly effected under the provisions of the contract.

Vivian Vesmirovsky had been an employee of the Hygeia Dairy Company for a number of years and was a participant in original Hygeia Employees Pension Trust. The trust fund in question provided that upon death of the participant Southwestern Life Insurance Company would pay to the designated beneficiary the amount of money that the deceased employee was entitled to under the contract.

At the time that Vivian Vesmirovsky changed her beneficiary, the abovementioned Lynn Kerr was a trustee of the pension trust. She acted as secretary of the trustees and was in charge of the administrative details in creating a new agreement with the same insurance company known as the Hygeia Employees Retirement Trust. The same trustees continued to function for the Pension Trust as did for the Retirement Trust. These included Lynn Kerr.

In November of 1960, the trustees executed and forwarded to Southwestern Life Insurance Company a written power of attorney in favor of Lynn Kerr, stating that she had been duly authorized to perform the duties imposed upon the trustees in the administration of the trust and was further empowered to perform the duties without the necessity of joinder of any of the other trustees.

The trust agreement authorized the trustees under Section 9 to act as follows:

"The Trustees shall certify to the insurance company, by a majority vote or action as provided for in Section 8

hereof, the name of one or more of their number, authorized to act for them."

Thus in July of 1961, Lynn Kerr was acting trustee of the Hygeia Employees Pension Trust. She was secretary of the trustees, the trust authorizing the appointment of a secretary by the following language in Section 9:

"Section 9. The Trustees shall appoint a secretary, who may or may not be a Trustee, and such other agents or representatives as they may deem advisable, who need not be Trustees, to keep their records and to assist them in doing any other acts or things to be performed by the Trustees."

Lynn Kerr was empowered to perform the duties imposed upon all three of the trustees in the administration of the trust without the necessity of the joinder of the other trustees.

The change in beneficiary form bearing Vivian Vesmirovsky's signature and that of Lynn Kerr was forwarded to the Southwestern Life Insurance Company. The fact that Lynn Kerr had not written "trustee" after her name on the application to change beneficiaries is not important. The insurance company already had notice of her authorization to act for the remaining trustees. Thereafter, Southwestern acknowledged receipt of the form, stating that they had marked the record to show the beneficiary was changed to "Annie Lou Beach, Mother."

There is testimony that the change of beneficiaries as effected above was a matter of routine. Section 29 of the pension trust provides:

"Each participant shall have the privilege of designating the beneficiary who shall, in case of the participant's death, be entitled to the benefits specified in Section 27, and each participant shall have the further privilege from time to time of changing such bene-

ficiary without his consent. * * * Any such designation of beneficiary or election shall be made by written instrument executed by the participant and delivered to the Trustees."

The absolute right of the participant to demand the change of beneficiary is further illustrated by Section 54 of the trust which reads as follows:

"Unless and until required to be delivered in accordance with the terms hereof, the control of trust assets, including all incidents of ownership in and to any contract issued pursuant to this agreement, shall be in the Trustees, except only the right to make and from time to time change or cause to be changed the beneficiary designation * * * such rights being and remaining vested in the respective participants subject to exercise in the manner provided by this agreement."

The Southwestern Life Insurance Company was not only directed by the trustees to change the beneficiary under the above-mentioned contract to the appellee by the notice mailed by Lynn Kerr, but in their answer filed in this suit, the trustees again directed the company to pay the proceeds to appellee.

In their briefs appellants have quoted at length various parts of the insurance and trust contracts. It would serve no purpose to unduly lengthen this opinion by inserting these provisions herein. They are not at variance with the provisions of either of the contracts quoted above. Nor can we find any instance where the trust created conflicts with the provisions of the Texas Trust Act, Articles 7425a through 7425d, Vernons Civil Statutes.

Vivian Vesmirovsky did all that she could have possibly done to effect a change in beneficiary. She had this right under the pension contract and the trustees of the pension fund merely had the obligation of ratifying this right under the insurance contract. This they did. Lynn Kerr as a

trustee and acting for the trustees of the fund changed the beneficiary according to instructions. The insurer accepted the change and so notified the interested parties prior to Vivian Vesmirovsky's death. See Fidelity Union Life Insurance Company v. Methven, 162 Tex. 323, 346 S.W.2d 797.

There are no material facts in dispute here. The Trial Court ruled correctly on the question of law and the judgment should be affirmed. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

The judgment of the Trial Court is affirmed.

Affirmed.