The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant,

v.

Virginia Maureen STUART, Appellee.

No. 8638.

Court of Civil Appeals of Texas, Texarkana.

Nov. 14, 1978.

Rehearing Denied Dec. 12, 1978.

George E. Bowles, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellant.

Otto B. Mullinax, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, for appellee.

HUTCHINSON, Justice.

Appellant here, defendant in the trial court, filed its motion for summary judgment and appellee here, plaintiff below, filed her motion for partial summary judgment. Appellee's motion was granted and judgment entered after evidence was received relative to attorney fees.

The question presented for review is whether or not the insured under a group policy effectively made a change of his beneficiary.

The insured was a retired former employee of Oil Well Supply Company, a division of United States Steel Corporation, and, as such, was insured, both before and after his retirement, under group life insurance policy No. 9900 issued by appellant insurance company. After the death of his mother and on February 28, 1974, the insured named a sister-in-law, Pauline H. Hatfield, as the beneficiary under this policy. On April 2, 1974, the insured's attorney transmitted to appellant a signed change of beneficiary form naming the appellee as the beneficiary. The cover letter stated that the insured did not know the policy number, but had advised that it arose out of Group Policy No. 17038 of Oil Well Supply Company. The Dallas office of appellant forwarded the letter of April 2, 1974, and the executed change of beneficiary form to its Bethpage, New York, office which received it on April 11, 1974. It was then, on April 18, 1974, forwarded by appellant's New York office to the administrator of group policy No. 17038, in Niles, Ohio. This forwarding letter stated that the change of beneficiary form was acceptable and enclosed a "rider" to be dated as of its effective date of the change and then released to the insured for attachment to his certificate. On April 22, 1974, the administrator for group policy No. 17038 returned the change of beneficiary form to appellant stating that the insured was not covered under that policy. On May 3, 1974, appellant by letter informed the insured's attorney (letter received on May 6, 1974) that the insured was not covered under group policy No. 17038 and suggested that the change of beneficiary form be forwarded to United States Steel Corporation (the name and address of the proper person with U.S. Steel was given). The insured died on May 23, 1974, and the change of beneficiary form and rider were never forwarded to United States Steel Corporation.

The policy benefits under group policy No. 9900 were paid to Pauline H. Hatfield by the appellant.

Admittedly the insured was covered under appellant's group policy No. 9900 and not under group policy No. or Certificate No. 17038. Policy No. 9900 pertaining to the change of beneficiary provides: ". . . Any employee may from time to time change the beneficiary, without the consent of any previously designated beneficiary, by a written notice signed by the employee and filed with the Employer. . . ."

Questions similar to the one presented here have been before our appellate courts numerous times and the general principles of law governing their solution have been clearly stated. The Texas Supreme Court in the case of *Fidelity Union Life Insurance Company v. Methven*, 162 Tex. 323, 346 S.W.2d 797, 800 (1961), in an opinion by then Chief Justice Calvert, stated:

"When policy requirements have not been waived by the insurer during the lifetime of the insured, right to the policy proceeds vests immediately in the beneficiary named in the policy and that right cannot be defeated by mere proof that it was the intention of the insured to change the beneficiary or of acts by the insured falling short of substantial compliance. *Wright v. Wright*, Tex.Civ.App., 44 S.W.2d 1019, writ refused; *Kotch v. Kotch*, 151 Tex. 471, 251 S.W.2d 520; *Creighton v. Barnes*, 152 Tex. 309, 257 S.W.2d 101; *Tips v. Security Life & Accident Co.*, 144 Tex. 461, 191 S.W.2d 470."

In *Kotch v. Kotch*, 151 Tex. 471, 251 S.W.2d 520, 523 (1952), the court discussed the law applicable to a change of beneficiary and what was necessary to be done by the insured to effect a change. The court stated:

". . . *Wright v. Wright* [Tex.Civ. App., 44 S.W.2d 1019] and, more importantly, *Garabrant v. Burns* [130 Tex. 518, 111 S.W.2d 1100], both of which are apparently approved in the Tips cases [*Tips v. Security Life & Accident Co.* (and *Tips v. Franklin Life Insurance Co.*), 144 Tex. 461, 191 S.W.2d 470], undoubtedly do hold

**66**

in effect that the restrictions are also for the benefit of the last beneficiary named as such in the certificate or policy itself as against a party claiming that such designation was changed in his favor, while from this premise they proceed to the rule that, as between such opposing claimants, and even though the insurer takes no position on the restrictions, the purported change will be given effect only if the insured has 'substantially complied' with them, or 'done all he reasonably could have done' in that behalf.
    .   . ."

This holding was specifically approved in *Creighton v. Barnes*, 152 Tex. 309, 257 S.W.2d 101 (1953).

See also *Hallett v. Ponder*, 376 S.W.2d 797, 800 (Tex.Civ.App. Austin 1964, no writ), wherein the court approved quoting *Scherer v. Wahlstrom*, 318 S.W.2d 456, 458 (Tex.Civ.App. Fort Worth 1958, writ ref'd):

"   .   .   Although the right to name or substitute a beneficiary may be absolute in the insured, the *method provided* for making known to or advising the insurer of the purpose and wish of the insured becomes contractual and binding." (Emphasis added.)

From the record before this Court, it cannot be said as a matter of law that the insured "substantially complied" with the change of beneficiary provision of his policy or that he "did all he reasonably could have done" to so comply.

Therefore, the cause is remanded to the court below for trial on the fact issues.