CV1-078 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-078-CV





EDITH M. WALLACE, ET AL.,



 APPELLANTS


vs.





SALATHIEL DeRUSSE,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 471,364-A, HONORABLE PAUL DAVIS, JUDGE



 





PER CURIAM



 Edith M. Wallace, Debbie A. Rash, and Sharon Gelsone
appeal the grant of a summary judgment in favor of Salathiel
DeRusse, finding him to be the sole primary beneficiary of Michal
L. Wallace's death benefits. (1) We will affirm the judgment of the
trial court.

BACKGROUND


 Michal L. Wallace, an employee of Southwestern Bell
Telephone Company ("Bell"), died on July 27, 1989. While employed
at Bell, he participated in several employee compensation and
benefit programs, which entitled his beneficiary to certain
benefits at his death. Bell had rules for naming or changing the
designated beneficiary of these benefits. 

 In 1986, Michal Wallace executed a beneficiary
designation form naming appellee as beneficiary. In 1989, Michal
Wallace became seriously ill and by April 1989, needed constant
care. On June 30, 1989, Michal Wallace executed a power of
attorney naming appellant Edith Wallace, his mother, as his
attorney-in-fact. On July 26, 1989, he was hospitalized in serious
condition. On the morning of July 27, 1989, approximately five
hours before his death at 3:30 p.m., appellant Edith Wallace
executed a new beneficiary designation form naming appellants
Gelsone and Rash, Michal Wallace's sisters, as beneficiaries. This
form was executed at Bell's Austin offices and sent by
telefacsimile to Bell's benefits office in San Antonio. The
original was later mailed.

 On July 31, 1989, appellants Gelsone and Rash delivered
notice to Bell that they were entitled to the death benefits. On
August 18, 1989, Bell forwarded the information to the
administrator of the Employee Stock Ownership Plan. On August 22,
1989, Bell informed appellee of the change in the beneficiary. On
August 28, 1989, Bell paid $2,509.79 each to Gelsone and Rash, 
representing unused vacation pay and accrued wages. On September
1, 1989, appellee commenced an action in state district court to be
named the beneficiary. On October 24, 1990, the court granted a
severance on the issue of appellee's rights as beneficiary and
entered a summary judgment in appellee's favor. (2)

 In three points of error, appellants contend that the
trial court erred in: (1) holding that Edith Wallace's attempt to
change the designated beneficiary was invalid under the applicable
rules; (2) rendering a summary judgment because the evidence raised
a fact issue whether the decedent had "substantially complied" with
the rules or whether the rules had been waived; (3) ruling that
appellee was the single primary beneficiary because Bell's payments
to appellants Gelsone and Rash had foreclosed a challenge to the
change in beneficiaries. We will deal with point one and the
substantial compliance portion of point two together and with point
three and the waiver portion of point two together.



COMPLIANCE WITH THE RULES



 Rule 3.C of Bell's rules for beneficiary designations
governs changes:



 An outstanding beneficiary designation is revoked when a
subsequently executed beneficiary designation is
submitted by the employee in proper form to, and accepted
by, the employing corporation or the program
administrators prior to the employee's death. A
conservator or attorney in fact may not revoke or change
a beneficiary designation of the employee except by court
order approving the revocation or change.



(Emphasis added.)

 In general, the "majority of courts give effect to
changes in beneficiary designations where the insured has done
everything in his power to designate a new beneficiary prior to
death and only ministerial acts remain to be performed by the
insurer thereafter." 2A Appleman's, Insurance Law and Practice
(Appleman's) § 1044, at 83 (1966) (emphasis added). A policy may
prescribe a certain method of making a change, and in such an
event, a beneficiary is not divested until the method is
substantially complied with. 2 Appleman's § 901, at 453.

 In Texas, if an insured does all that he could have
reasonably done to change the beneficiaries of his death benefits
during his lifetime, he has substantially complied with the policy
rules and the change is effective. Creighton v. Barnes, 257 S.W.2d
101, 103-104, (Tex. 1953) (no substantial compliance when forms to
make a change remained in a drawer for ten months, will
ineffective to make change); Odle v. Williamson, 570 S.W.2d 188,
191 (Tex. Civ. App. 1978, no writ); Porter v. Garner, 386 S.W.2d
618, 619-20) (Tex. Civ. App. 1965, writ ref'd n.r.e.) (change
effective even though insurance company actually received executed
forms after insured's death); Witt v. Citizens National Bank, 440
S.W.2d 112, 114 (Tex. Civ. App. 1969, no writ) (when insured mailed
forms requesting a change in beneficiary to his attorney who, the
court assumed, was acting as the insured's agent for transmitting
the forms to the insurance company, and the attorney did not send
them before the insured's death, no substantial compliance because
the attorney's power to act ended on the insured's death).

 In this case, we have an attorney-in-fact acting for the
insured. Under the terms of the rule, whose validity and
applicability are not disputed, an attorney-in-fact may not make
such a change without a court order. There was no summary judgment
evidence that appellants took any steps toward securing such an
order. If the facts in this case showed that appellant Wallace had
obtained a court order, but mailed it later than the change of
beneficiary form, then this situation would be more analogous to
the cases on which appellant relies that found substantial
compliance. Her failure ot obtain the court's permission to change
the beneficiary is not substantial compliance with the company's
rules.

 Appellants contend that the evidence created a fact issue
as to substantial compliance with the company's rules, relying on
Equitable Life Assurance Society v. Stuart, 575 S.W.2d 64 (Tex.
Civ. App. 1978, writ ref'd n.r.e.). In Equitable, the insured sent
a form to change a beneficiary to his attorney who sent it to the
wrong place because of an incorrect policy number. The form was
returned to the attorney on May 6, with directions about where to
send it. The insured died on May 23, before his attorney
redirected the form. There was nothing in the record, at least as
discussed in the opinion, to account for the gap in time between
the attorney's receipt of the letter and the death of the insured. 
Certainly, that lack would raise a fact issue about whether
anything else reasonably could have been done in that time period.

 The circumstances in this case raise no fact issues. As
discussed above, there was no evidence of any attempt to obtain a
court order to comply with the rules. We overrule point of error
one and the part of point two dealing with substantial compliance.


 WAIVER



 Appellants contend that the insurance company's act in
paying over monies to appellants Gelsone and Rash waived the
requirements set out in the rule for changing beneficiaries or at
least created a fact issue precluding summary judgment. In general,
an insurer itself may not waive compliance with rules concerning a
change in beneficiaries except during the life of the insured. 2A
Appleman's § 1044, at 83. If the policy requirements have not been
waived during the insured's life, then the right to proceeds vests
in the beneficiary on the insured's death and cannot be defeated by
acts falling short of substantial compliance. Fidelity Union Life
Insurance Co. v. Methven, 346 S.W.2d 797, 800 (Tex. 1961). The
acts on which appellants rely to support their assertion of waiver
all occurred after Michal Wallace's death. There is no evidence of
any act occurring before his death that raise a fact issue about
waiver. We overrule point three and the portion of point two
dealing with waiver.

 We affirm the judgment of the trial court.


[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  August 14, 1991

[Do Not Publish]
1. Michal Wallace participated in several employee benefit
programs: group life insurance, supplementary life insurance, an
employee savings plan, and an employee stock option plan. In
addition, unpaid wages and unused vacation days were payable at his
death. One beneficiary designation form covered all of these
programs. The proceeds of all of the above will be referred to as
the "death benefits" and the recipient of the proceeds as the
"beneficiary."
2. Plaintiff sued Southwestern Bell Corporation, Southwestern
Bell Telephone Company, Southwestern Bell Corporation Group Life
Insurance Program, Southwestern Bell Corporation Savings Plan for
Salaried Employees, Southwestern Bell Corporation Stock Ownership
Plan, General American Life Insurance Company (the Plan
defendants), Edith M. Wallace, Debbie A. Rash, and Sharon Gelsone. 
Plaintiff brought the following causes of action: acting beyond
the scope of the agency relationship created by the power of
attorney; failure to comply with contractual and rule provisions on
changing beneficiaries; violations of Tex. Ins. Code Ann. art. 3.50
(Supp. 1991) and breach of the insurance contract; a declaration
that the benefits were non-testamentary under Tex. Prob. Code Ann. 
§ 450 (1980); declaratory judgment under Tex. Civ. Prac. & Rem.
Code Ann. art. 37.001 (1986); actual fraud; constructive fraud;
breach of fiduciary duty to both plaintiff and decedent;
conversion; tortious interference with a contract; tortious
interference with a gift; mistake and absence of a meeting of the
minds; exemplary damages; claims under ERISA (Employee Retirement
Income Security Act, 29 U.S.C. § 1001, 1132(1)(B), 1132(e)(1)); and
attorney's fees.

 All parties filed motions for summary judgment. The
court granted plaintiff's in part, finding him the sole owner of
the death benefits. Plaintiff filed a motion for severance as to
this issue, which the court granted. The Plan defendants had
deposited the benefits with the court. They are named as
appellees, but filed a letter stating they were filing no brief.