JUNE BARNES CREIGHTON ET AL V. PAULINE C. BARNES.

No. A-3949. Decided April 8, 1953.
Rehearing overruled May 13, 1953.
(257 S. W. 2d Series, 101)

*Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr.,* all of Dallas, for petitioners.

The Court of Civil Appeals erred in holding that the provision in the will of B. B. Barnes purported to be in itself a change of beneficiary and in reversing the holding of the trial court that such provision was not intended to effect such a change in itself, in face of the provision in the insurance policy requiring endorsement of any change of beneficiary upon the policy at the Home Office of the company. Smith v. Smith, 78 Fed. Supp. 385; Wright v. Wright, 44 S.W. 2d 1019; Wipff v. Wipff, 209 S. W. 2d 947.

*Geo. K. Holland,* of Dallas, for respondent.

In reply to proposition of petitioners, respondent cites Splawn v. Chew, 60 Texas 532; Anderson v. Grand Lodge, 248 S. W. 461; Fletcher v. Williams, 66 S.W. 860.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Petitioners, the mother, daughter and a sister of B. B. Barnes, as the named beneficiaries of the two Jefferson Standard Life Insurance Company policies, filed this suit against the Insurance Company for the proceeds of the two policies. The Insurance Company answered with an interpleader suit, wherein it impleaded respondent, the third wife and surviving widow of B. B. Barnes, and said that all of the petitioners and the respondent were claiming the right to the proceeds of both policies, and tendered the money into court, and asked the court to decide which of the claimants were entitled to receive the funds,

and asked that it be discharged with its costs and attorneys' fees. Respondent answered claiming the proceeds by virtue of the will of B. B. Barnes. All parties arrived at a stipulation as to the facts in the case, and each party filed a motion for summary judgment. The trial court had a hearing, and sustained petitioners' motion and denied respondent's motion and granted judgment for petitioners for a certain part of the proceeds and for respondent for the balance. On appeal the Court of Civil Appeals reversed the trial court and rendered judgment for the respondent for all the proceeds of the policies. Texas Civ. App., 252 S.W. 2d 1010.

It is stipulated that the petitioners are the ones named as beneficiaries in the two policies, and entitled to recover the proceeds thereof unless B. B. Barnes changed the payment of these proceeds in favor of his wife by the provisions of his last will and testament, which had been duly probated at the time suit was brought.

The pertinent provisions of his will are as follows:

"I give, devise and bequeath unto my beloved wife, Pauline Barnes, all the property of which I may die seized and possessed, real, personal and mixed, and wheresoever located, for her to have, hold and dispose of as she may see fit.

"At the present time, I have life insurance as follows:

"Jefferson Standard Life Insurance Company policy No. 727-036, for the sum of $10,000.00;

"Jefferson Standard Life Insurance Company policy No. 806-705, for the sum of $15,000.00;

"Farmers & Bankers Life Insurance Company policy No. 50120, for the sum of $2500.00.

"Each of these three policies is being made payable solely to my wife. This information is given for the identification of my life insurance. It is not to be considered a part of my estate."

Each of the Jefferson Standard policies contained the following provisions regarding the change in beneficiary:

"Provided this policy be not assigned, the assured may at any time, and from time to time, change the beneficiary hereunder, such change to take effect upon the written endorsement of the same upon the policy by the Company".

On the back of each of the policies, in a special section headed "Register of Change of Beneficiary", was the following provision:

"Note: No change, designation, or declaration shall take effect until endorsed on this Contract by the Company at the Home Office."

■ It is stipulated that neither of the policies had been assigned to any one, and there is no question raised on that score. It is also stipulated that B. B. Barnes never forwarded any request for a change of beneficiaries to the Insurance Company. Such regulations on the part of the Company have been upheld by our courts many times. Garabrant v. Burns, 130 Texas 518, 111 S.W. 2d 1100, 1103, succinctly states the rule as follows:

"It seems to be definitely settled that an insurer may make reasonable regulations in the policy, or in the constitution and by-laws which become a part of the policy, defining the method by which a member may change the beneficiary named in the certificate, and, when the beneficiary is a third party, such regulations become a part of the contract; and, generally speaking, the right to change can be exercised in no other way; that, while the insurer may waive compliance with regulations intended for its benefit, yet the beneficiary named in the certificate has a right, by virtue of the contract, to require that a change be made substantially in accordance with the manner provided," and citing many cases.

We recently decided the case of Kotch v. Kotch, 151 Texas 471, 251 S.W. 2d 520, 523 (1952) where we discussed the law applicable to a change of beneficiary and what was necessary to be done by the insured to effect a change. In that case we held "* * * Wright v. Wright, (Tex. Civ. App., 44 S.W. 2d 1019,) and, more importantly, Garabrant v. Burns, (130 Texas 518, 111 S.W. 2d 1100,) both of which are apparently approved in the Tips cases, (Tips v. Security Life & Accident Co., and Tips v. Franklin Life Insurance Co.), 144 Texas 461, 191 S.W. 2d 470,) undoubtedly do hold in effect that the restrictions are also for the benefit of the last beneficiary named as such in the certificate or policy itself as against a party claiming that such designation was changed in his favor, while from this premise they proceed to the rule that, as between such opposing claimants, and even though the insurer takes no position on the restrictions, the purported change will be given effect only if the insured has 'substantially complied' with them, or 'done all he reasonably could have done' in that behalf." That this is now

the well-settled rule in Texas is established by the Kotch case, as well as the following cases: Kelley v. McDonald, Tex. Civ. App., 83 S.W. 2d 414, writ dismissed; Johnson v. Johnson (5th Cir.) 139 F. 2d 930, 151 A. L. R. 268; Beck v. Beck, Texas Civ. App., 90 S.W. 2d 284, no writ history; Great Southern Life Ins. Co. v. Hukill, Texas Civ. App., 151 S.W. 2d 603 (1), writ dismissed, correct judgment.

■ Let us examine the facts in this case to see if B. B. Barnes did all he reasonably could have done to comply with the provisions of the policies as to a change. Jefferson Standard policy No. 727,036 was dated February 15, 1941 and payable to Helen Elizabeth Barnes (a former wife) if living, otherwise to June Colleen Barnes, a daughter and now Mrs. Creighton. These beneficiaries had been changed upon request of B. B. Barnes by a rider dated February 23, 1942 and attached to the policy, so as to be made payable to the daughter, June Colleen; the mother, Youda Barnes, and the former wife, Helen Elizabeth, in certain definite shares. This change had been duly noted under the special section "Register of Change of Beneficiary". Jefferson Standard policy No. 806,705 was dated December 3, 1943, and payable by rider attached at the time of issuance of the policy, to Lucille Barnes (another former wife); June Barnes, daughter; Youda Barnes, mother; and Clara Barnes, sister, of B. B. Barnes. There was no change of these beneficiaries by B. B. Barnes.

It is claimed by respondent that the above quoted provision of B. B. Barnes' will effected a change in beneficiaries in the two policies so as to make her entitled to receive the proceeds thereof. Granted, for the sake of argument, that this language in the will was sufficient to show that B. B. Barnes intended the proceeds of the policies, by virtue of his will, to be payable to respondent—a point about which we have serious doubts, and do not decide—no change in beneficiaries in the two policies was made by the language in the will. The will was made April 18, 1950, and B. B. Barnes did not die until February 13, 1951. The record further shows that he had these two Jefferson Standard policies in his desk drawer at all times from the date of the will until his death. Respondent contends that the policies have no provision as to what is necessary in order to make a change in beneficiaries other than for the insured to make known his intention to so change such beneficiaries. The policy provision first above quoted states that "such change (is) to take effect upon written endorsement of the same upon the policy by the

Company". How is this to be done without the policy being sent in to the Company for its endorsement of the change upon the policy? It requires no argument to establish the fact that the Company could not make a "written endorsement of the same (i.e., the change) upon the policy" unless the policy was delivered to the Company. Also, the further provision under the section "Register of Change of Beneficiary" definitely points out how and when the change in beneficiaries shall take effect. The language is: "No change, designation, or declaration shall take effect until endorsed on this Contract by the Company at the Home Office". This is a valid provision, and is clear and unambiguous as to meaning. Respondent seeks to avoid the effect of this requirement by arguing that this notation, being on the back of the policy, is no part of the policy and is not controlling. There are two answers to this contention. (1) On the first page of the policy in this provision: "The privileges and provisions written, printed, or attached by the Company on the following pages are a part of this contract". Such provision clearly covers the above note as to when a change of beneficiaries shall become effective. (2) The note is on the same page of the policy as the provision for "Optional Methods of Settlement", and no one would contend that methods of settlement provisions are not valid and binding on the parties to the insurance contract. There can be no doubt that B. B. Barnes knew what was necessary to be done in order to change the beneficiary under the insurance policies since he had changed the beneficiaries under policy No. 727,036 prior to making his will. All that was necessary to be done to make a change of beneficiaries under the two Jefferson Standard policies was to make a request for such change, and deliver the policies to the Company for its endorsement of the change on the policies. B. B. Barnes did not make any move to effect these changes in the ten months he lived after making the will, and prior to his death.

To permit a change of beneficiary by will in disregard of provisions in a policy which have the same or similar requirements as to method of change, as these two policies of insurance here, would bring about much uncertainty and litigation as to payment of life insurance policies. Prompt payment of life insurance to those who are the beneficiaries is of inestimable importance to those who are left behind at the death of an insured. Delay and confusion resulting in unnecessary hardships should be avoided.

■ Respondent contends that since the Insurance Company did

not refuse to recognize her right to receive the proceeds of the policies and paid these proceeds into the registry of the court to be paid to whomsoever the court determined is entitled to the same, the Company has waived the right to require compliance with the policy provisions as to making a change. Garabrant v. Burns and the Kotch cases, supra, discuss the cases relied upon by the respondent to sustain her position, and hold they are not applicable to a situation such as we have before us. The Court of Civil Appeals in Kelley v. McDonald, supra, 83 S.W. 2d 416, has very effectively answered respondent's contention by saying:

"By depositing the money due on said policy into the Registry of the Court the insurance company did nothing more than any well-regulated corporation would have done under the same circumstances. It waived none of its legal rights, because, under the terms of the policy, it owed the money due on same to some person, and it was nothing but good business on its part to permit the Court to designate the proper person to receive it."

A fine discussion of these contentions is found in Johnson v. Johnson, supra, also.

To require an insurance company to refuse demand for payment to either, or both of two or more adverse claimants, would be to destroy interpleader suits in these cases, and also to subject the Company to the statutory penalty and attorneys' fees when the Company was perfectly willing for the rightful party to have his money.

■ Under the facts of this case, B. B. Barnes did not comply with the policy provision with regard to change of beneficiaries in these two policies, nor did he do all he reasonably could have done to bring about such change. Therefore, the beneficiaries named in the policies, and who are the petitioners herein, are entitled to recover the proceeds of both policies as their interest appears.

The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is hereby in all things affirmed.

Opinion delivered April 8, 1953.

Rehearing overruled May 13, 1953.