Hazel Pauline PORTER, a feme sole,
Appellant,

v.

Willie Ann GARNER et vir, Appellees.

No. 5673.

Court of Civil Appeals of Texas.

El Paso.

Jan. 20, 1965.

Rehearing Denied Feb. 10, 1965.

Lawrence L. Fuller, Turpin, Kerr, Smith & Dyer, Midland, for appellant.

Buehler & Buehler, San Antonio, for appellees.

PRESLAR, Justice.

Inter-pleader suit by Sam Houston Life Insurance Company to determine the proceeds of a life insurance policy. The insured, Eric D. Porter, sought to change beneficiary under the policy from his sister, Willie Ann Garner, to his former wife, Hazel Pauline Porter. Following his death, both claimed the proceeds of the policy, and the insurer brought this suit against both, paid the proceeds of the policy into the registry of the court, and sought its discharge from liability. From a judgment of the court, sitting without a jury, in favor of the original named beneficiary, Willie Ann Garner, this appeal is taken by Hazel Pauline Porter. The insurer, Sam Houston Life Insurance Company, was discharged and is not a party to this appeal.

We hold that the change of beneficiary was effective and judgment should have been rendered for Hazel Pauline Porter.

The policy of insurance provided:

"CHANGE OF BENEFICIARY— Any beneficiary may be changed by sending to the Company, at its Home

Office, a written notice in due form signed by the Insured and accompanied by this policy. Such change will take effect only when endorsed on this policy by the Company and shall then relate back to and take effect as of the date of said written notice whether the Insured be living at the time of said endorsement or not, * * *"

The insured, Eric D. Porter, while a patient in the hospital for surgery on a leg, caused the following letter to be written over his signature on August 15 and mailed to the insurer:

"I hereby request that as of this date August 15, 1962 at 11:30 a. m. the beneficiary of my insurance policy #19451 be changed from Willie Ann Garner, Sister, to Hazel Porter, Ex-wife."

Upon receipt of the letter, the insurer sent the insured its Form F106, for change of beneficiary, and requested that it be completed and returned to them with the policy of insurance. The surgery was performed on August 16, and on August 21 Form F106 was completed by Eric Porter and handed to one W. L. Schneider for mailing, which was done the same day. Schneider testified that he neglected to mail the policy with the form, and his testimony is in conflict as to whether the policy was handed to him by the insured with Form F106 or whether he was to get it from the desk drawer of the insured, to which he had access. Death came to the insured on August 23rd from a heart attack while he was still confined to the hospital. Form F106 reached the insurance company's home office on August 24th, and on September 11th the policy reached such office, it having been mailed to them by the ex-wife, Hazel Porter.

W. L. Schneider was employed as an agent for the Sam Houston Life Insurance Company and had sold the policy in question to Eric D. Porter. He also was employed by Eric D. Porter as a bookkeeper and he testified that during the time of Mr. Porter's confinement he attended to Porter's business affairs and brought his mail to the hospital. The parties attach much importance to whether Schneider was the agent of the insurer or the insured, and the trial court found that he was the agent of the insured; that he was negligent in failing to mail the policy, and that such negligence was imputed to his principal. We find it unnecessary to pass on the question, for it has no bearing on the case if we are correct in our disposition of it.

We sustain appellant's point of error number Nine, which attacks the court's finding and conclusion that the insured did not substantially comply with the requirements of the policy relative to a change of beneficiary. Contractual provisions for change of beneficiary both identical and similar to the one in this policy have been before the courts many times, and the rule is well established that the test is not strict compliance, but rather whether there was substantial compliance with the provisions. Price v. Supreme Home of Ancient Order of Pilgrims, 285 S.W. 310 (Tex.Com.App.); Garabrant v. Burns, 130 Tex. 518, 111 S.W.2d 1100; Kelley v. McDonald, Tex.Civ.App., 83 S.W. 2d 414 (wr. dism.); Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520; Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101; Fidelity Union Life Ins. Co. v. Methven, 162 Tex. 323, 346 S.W.2d 797. We are of the opinion that what was done here was substantial compliance, if not in fact actual compliance, with the terms of the policy. The parties to the policy of insurance contracted that to effect a change of beneficiaries two things must be done—the insured should give written notice in due form, and he should send in the policy for endorsement. Both were done, although the policy was eighteen days behind the notice. But the fact is that both did reach the home office. There is no requirement in the contract of insurance as to the time when these requirements are to be complied with. There is the provision that the

endorsement shall relate back and be effective as of the date of the written notice, "whether the Insured be living at the time of said endorsement or not." This provision distinguishes this case from those in which the entire transaction had to be completed in the insured's lifetime, and it also makes the eighteen-day lag in time of little consequence. Some significance should be attached to the fact that the insuring party to the contract was satisfied that the requirements were met, for the change of beneficiary was endorsed on the policy. It should also be noted that the insurer pleaded such endorsement, attached the endorsed policy and the written notice (Form F106) to its pleadings as exhibits, and the parties stipulated that such petition, together with all of the exhibits and attachments thereto, were true and correct statements of all of the facts and matters stated therein and to which the same alluded and pertained.

█ In determining the question of substantial compliance there can be no hard and fast rule, but each case must be decided on the basis of what was done. Prior decisions offer guidance, and these are well summarized by the Supreme Court in Fidelity Union Life Insurance Company v. Methven, 162 Tex. 323, 346 S.W.2d 797 (1961). Discussing Garabrant v. Burns, 130 Tex. 518, 111 S.W.2d 1100; Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520; Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101; and Scherer v. Wahlstrom, Tex.Civ.App., 318 S.W.2d 456 (writ refused), Chief Justice Calvert said:

"In Garabrant v. Burns the insured wrote a letter in which he stated that he wished certain named relatives to be the beneficiaries of his policy. He died before any action was taken by the insurer. Decision of the case went off entirely on our holding that the letter did not meet policy requirements as an application for change of beneficiary. In Kotch v. Kotch the insured mailed an application for change of beneficiary to his employer but there was no evidence that the application had been forwarded to the insurer. The insured died before any action was had on the application. We held that the mere mailing of the application, with no attempt to obtain and send in the policy as required by the policy, did not constitute substantial compliance with the requirements to effect a change of beneficiary. In Creighton v. Barnes we held that a statement in a will that the testator-insured was making certain life insurance policies payable solely to his wife did not effect a change of beneficiaries in the policies because it did not constitute substantial compliance with the policy requirements. In Scherer v. Wahlstrom we approved the holding of the Court of Civil Appeals that a mere indication of an intention to change the beneficiary and receipt of proper forms for making application therefor, which forms remained unexecuted at the time of the insured's death, did not constitute substantial compliance with policy requirements for effecting a change of beneficiary."

These are the leading cases most nearly like the one before us, in which it was held there was not substantial compliance, and a comparison of them with this case strengthens our conclusion that what was done in this case amounted to substantial compliance.

This disposition of the case makes it unnecessary to consider the other points of error of the appellant.

The judgment of the trial court is reversed, and judgment is here rendered for appellant, Hazel Pauline Porter.