Jane Ford TODD, Appellant,

v.

The **MUTUAL BENEFIT LIFE INSUR-ANCE COMPANY et al., Appellees.**

No. 5151.

Court of Civil Appeals of Texas, Waco.

July 31, 1972.

Rehearing Denied Aug. 24, 1972.

Burford, Ryburn & Ford, Dallas, for appellant.

Ritchie, Ritchie & Crosland, C. Sidney McClain, Dallas, for appellees.

## OPINION

JAMES, Justice.

This is a suit involving the problem of who is entitled to the proceeds of a life insurance policy, the controversy being between the widow and the mother of the insured.

Prior to January 7, 1970, Richard W. Todd (hereinafter called "the insured") was a member of a group insurance policy in which The Mutual Benefit Life Insurance Company was the insurer. On or about said last-named date the insured converted this insurance into an individual ordinary life policy (hereinafter called "the policy") with Mutual Benefit in the face amount of $18,000.00, and at or about the same time made his wife, Jane Ford Todd (hereinafter called "the wife" or "the widow") the sole beneficiary. The insured and the wife were married April 27, 1965.

The insured died April 9, 1970, as a result of some sort of terminal illness, and was living in the home of his mother, Mrs. Mary Anne Todd (hereinafter called "the mother") for some time prior to his death.

On April 2, 1970, one week prior to his death, the insured called Hon. Ben N. Boren, a practicing attorney of Dallas, Texas, and a member of the law firm of Locke, Purnell, Boren, Laney and Neely, to assist him in revising his will and in effectuating a change of beneficiary of the policy. The insured's brother Harry Todd, Jr., was in the insurance business, and at the insured's request, the brother procured a "Request for Change of Beneficiary" form from the Glenn Wiggins Agency, a local agent for Mutual Benefit, and took it to Mr. Boren.

Mr. Boren filled out the change of beneficiary form (same being a form prepared and furnished by Mutual Benefit) in compliance with the insured's request in the following language:

"One-half (½) to Mary Anne Todd, mother of insured.

"One-half (½) to Jane Ford Todd, wife of insured."

On April 3, 1970, Mr. Boren went to insured's mother's home and accomplished the revision in the insured's will, and got the insured to sign the change of beneficiary form. The insured requested that Mr. Boren mail in the form for him, and pursuant to this request Mr. Boren mailed it in that same day to the Glenn Wiggins Agency. On April 6, 1970, the Glenn Wiggins Agency mailed the form to Mutual Benefit's home office (located in Newark, New Jersey). The form was received in the home office on April 8, 1970, one day before the insured died (April 9, 1970).

On April 15, 1970, the home office wrote a letter to the Glenn Wiggins Agency with a copy to the insured, stating in effect that the "Request for Change of Beneficiary" form was unacceptable "because it does not indicate who would receive the share of a beneficiary who might be deceased." Attached to the letter was a form for request (for change of beneficiary) which the insurance company considered acceptable, worded as follows:

"To such of Mary Anne Todd and Jane Ford Todd, mother and wife of the insured, as shall be living at the death of the insured; if none, to the executors or administrators of the insured." However, this arrived too late for use because the insured had already died.

On June 24, 1970, a Mr. Stoddart, an associate counsel for Mutual Benefit at the home office, wrote Mr. Boren and reiterated the reason why the request form was unacceptable by Mutual Benefit, and then added this comment: "I don't know that the fact that the request was not acceptable to us would make any difference so far as the rights of the parties named therein are concerned so long as they both survived the insured."

It is undisputed that the wife and the mother both survived the insured.

Mutual Benefit paid the widow one-half the face amount of the policy, or $9000.00, but refused to pay her the other half; whereupon the widow (whose name is now Jane Ford Davis) sued Mutual Benefit and the insured's mother, Mrs. Mary Anne Todd. The widow claims she is the sole beneficiary of the policy and is entitled to all the proceeds thereof, and that the insured's attempt to change the beneficiary was void and ineffectual.

The part of the policy dealing with Change of Beneficiary is Section 6 which reads as follows:

"CHANGE OF BENEFICIARY AND ELECTION OF SETTLEMENT OPTIONS BEFORE MATURITY

From time to time, upon request satisfactory to the Company received at its home office before maturity,

(a) the beneficiary may be changed; and

(b) the Company will agree to apply at maturity under any one of the settlement options, as provided in and subject to all of the applicable provisions of this policy, all or any designated part of the proceeds payable at maturity to a beneficiary who is a natural person taking in his or her own right.

"When such a request to change the beneficiary or to apply proceeds under such a settlement option is so received, it will be effective with respect to the proceeds to which it relates and the earlier designation of beneficiary of such proceeds and any earlier agreement to apply such proceeds under a settlement option will then be automatically canceled."

The mother filed a general denial and in addition contended that the change of beneficiary was valid and effective and that she (the mother) was therefore entitled to one-half the proceeds, or $9000.00 (plus accumulated earnings).

Mutual Benefit tendered the $9000.00 into the registry of the court, same being in the nature of an interpleader, and prayed to be dismissed with its costs, to include an undisputed $750.00 attorney's fee.

Trial was had to a jury, and after both sides rested, the Plaintiff-Appellant wife and the Defendant-Appellee mother each filed motions for instructed verdict. The trial court withdrew the case from the jury and overruled the wife's motion and granted the mother's motion, and entered judgment in favor of the mother for the $9000.00 plus accumulated earnings of the policy, less the $750.00 attorney's fee for the interpleader. The wife was denied any recovery.

The wife as Plaintiff-Appellant prosecutes this appeal on seven points of error, contending in effect that the trial court erred in sustaining the mother's Motion for Instructed Verdict. The wife's contention in effect is that she is the sole beneficiary of the policy as a matter of law, and that the mother is not a beneficiary of the policy because there was no valid and effective change of beneficiary making the mother a beneficiary under the policy. In other words, since the policy provided (in Section 6) that the request must be "satisfactory to the company received at its home office before maturity", and since the company rejected the insured's request, that the insured's attempt to change the beneficiary was void and ineffective. We overrule Appellant's contentions and affirm the trial court's judgment.

■ The test for determining whether the requirements of a life insurance policy to change of beneficiary have been complied with is not strict compliance, but rather whether there was "substantial compliance" with policy requirements. That is to say, where the policy defines the method by which the insured may change the beneficiary, the insured must substantially comply with that method in order to change the beneficiary. Garabrant v. Burns (Tex.Com.App.1938) 130 Tex. 518, 111 S. W.2d 1100, opinion adopted by the Supreme Court; Kotch v. Kotch (1952) 151

Tex. 471, 251 S.W.2d 520; Creighton v. Barnes (1953) 152 Tex. 309, 257 S.W.2d 101; Fidelity Union Life Insurance Co. v. Methven (1961) 162 Tex. 323, 346 S.W.2d 797.

■ "Substantial compliance" with the method of changing beneficiary provided in the policy means the insured "has done all that reasonably he could have done" to effect the change. Tips v. Security Life & Accident Company (1945) 144 Tex. 461, 191 S.W.2d 470; Kotch v. Kotch, above; Creighton v. Barnes, above.

■ In determining the question of "substantial compliance" there can be no hard and fast rule, but each case must be decided on its own set of facts as to what was done or caused to be done by the insured. Porter v. Garner (El Paso, Tex. Civ.App. 1965) 386 S.W.2d 618, error refused NRE.

■ In the case at bar the insured in our opinion did all that he could reasonably have done in his efforts to change the beneficiary. He arranged through his brother (who was an insurance man) to get a proper form prepared and furnished by Mutual Benefit for a request for change of beneficiary, secured the services of an attorney to fill it out in words which unmistakably stated his intentions, signed the form and caused it to be mailed that same day to Mutual Benefit's local agency, and the form was in the hands of the home office of Mutual Benefit in Newark, New Jersey, on the day before his death. There was nothing in the policy or the request form, and nothing shown to be in the charter or by-laws of Mutual Benefit which would authorize the company to reject the request form for change of beneficiary for the reason given by the Company. The rejection of the form was simply based on some company policy or rule which was moot and had no application to the insured Mr. Todd's case. The Company rejected the request form "because it did not indicate who would receive the share of a ben-

eficiary who might be deceased" (at the time of insured's death). This fear was groundless because when the insured Todd died, both beneficiaries were alive and survived him.

The company's fear was groundless for another reason. Page 3 of the policy contains a paragraph which reads:

"The proceeds will be payable at the death of the insured to the beneficiary set forth in the most recent beneficiary designation whether in the application or in an effective request as provided by this policy. *If every beneficiary in such designation is a natural person taking in his or her own right and if no such beneficiary is alive at such death, the beneficiary will be the executors or administrators of the insured unless otherwise specifically provided in such designation.*" (emphasis added).

In the light of this plain provision in the policy, what was the company worried about? Presumably, the insured considered, and had a right to consider, this provision of the insurance contract (which provided for the disposition of the portion of the proceeds designated by him for the wife or mother in the event either or both predeceased him), at the time he executed the change of beneficiary form. The company had no right to use their asserted ground as a basis of rejecting the insured's request, because it violated the above-quoted provision of the policy.

In light of the facts regarding the things the insured did in his efforts to change the beneficiaries as he did, it is our opinion that he clearly met and passed the "substantial compliance" test, and therefore that the change of beneficiary became effective. The insured's mother, Mrs. Mary Anne Todd is thereby entitled to the $9000.00 plus any accumulated earnings less the $750.00 attorney's fee (to Mutual Benefit for the interpleader). Judgment of the trial court is accordingly affirmed.

Affirmed.