Abelardo PENA, as Independent Executor, Appellant,

v.

Leticia Pena SALINAS and Abel Pena, Appellees.

No. 1073.

Court of Civil Appeals of Texas, Corpus Christi.

April 29, 1976.

Pedro P. Garcia, Corpus Christi, for appellant.

W. J. Nutto, Bonilla, Read, Nutto, Bonilla, Corpus Christi, for appellees.

OPINION

BISSETT, Justice.

This is an appeal from a summary judgment in favor of Leticia Pena Salinas. Abelardo Pena, as Executor of the Estate of Amador Pena, sought to compel Leticia Pena Salinas, and Abel Pena, to surrender all monies which they had theretofore received under insurance policies owned by Amador Pena, Deceased, which named them beneficiaries thereof.

The parties stipulated: 1) "there are no facts in controversy"; 2) Amador Pena executed a will on May 16, 1973, and died on May 17, 1973; 3) Amador Pena owned three life insurance policies, two of which designated Leticia Pena Salinas a beneficiary; the other designated Abel Pena as beneficiary; 4) Amador Pena, in the will, left all of his estate to Leticia Pena Salinas, Jose Pena, Amador Pena, Jr., and Sofia Pena, his children, share and share alike; 5) the will provided that all proceeds from life insurance policies were to be paid to the above named children, regardless of the named beneficiary in the policies; 6) the will was probated and Abelardo Pena and Leticia Pena Salinas qualified as co-executors thereof; 7) after the execution of the will, "no steps were taken by the decedent to change the beneficiaries", 8) the insurance companies paid the proceeds directly to the beneficiary named in the respective policy.

Abelardo Pena, in his capacity as executor, brought suit to require the beneficiaries of the aforesaid insurance policies "to surrender all of the funds received by them through the insurance policies", Leticia Pena Salinas answered; Abel Pena did not. A non-suit was taken as to Abel Pena.

Leticia Pena Salinas, filed a motion for summary judgment, wherein she stated that the provision in the will that all life insurance proceeds be paid to the decedent's estate, as a matter of law, was insufficient to change the beneficiaries named in the policies, and, therefore, she was entitled to the proceeds of the policies that named her

as the beneficiary thereunder. Copies of the two insurance policies that named her as beneficiary were attached as exhibits to affidavits. The Mutual of New York Policy provided:

"A Participant may change the beneficiary during his lifetime by written notice to Mutual of New York . . ."

The other policy (with the Great American Reserve Insurance Company) provided:

"Any Employee insured hereunder may designate a new beneficiary at any time by filing with the Employer a written request for such change . . ."

Abelardo Pena also moved for summary judgment, wherein he contended that the provision in the will should be given effect. In support of his motion, he offered the affidavit of the decedent's attorney stating that it was the decedent's wish that the proceeds of the insurance policies be paid as provided in his will.

The trial court granted Leticia Pena Salinas' motion and denied that of Abelardo Pena. The plaintiff, Abelardo Pena, has timely perfected an appeal to this Court.

Appellant's points of error read, as follows:

### "First Point

The trial court should have held that as a matter of law, the said Appellee, Leticia Pena Salinas, was estopped from contesting the petition.

### Second Point

In the alternative, the trial court should have held that there were issues of fact which should have been submitted to a jury on the questions of estoppel.

### Third Point

The trial court should have held that there were issues of fact on the question of whether or not Amador Pena did all he could have done under the circumstances then existing to change the beneficiaries on the said insurance policies."

The points cannot be sustained.

■ The party asserting estoppel must allege the facts that are essential to the existence of estoppel with particularity and precision; no intendments are made in favor of the plea. 22 Tex.Jur.2d, Estoppel, § 20. "Before an estoppel can arise as a matter of law, there must be certainty to every intent, and the facts alleged to constitute estoppel are not to be taken by argument or inference." *Rio Delta Land Company v. Johnson*, 475 S.W.2d 346 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.).

■ The party claiming estoppel has the burden of proving the essential elements thereof. *Concord Oil Co. v. Alco Oil & Gas Corp.*, 387 S.W.2d 635 (Tex.Sup.1965).

■ Apparently, appellant contends that appellee should be estopped from asserting a defense to the cause of action brought against her because of the oath which she took when she qualified as an executrix of the will. The only allegations in the petition that could possibly have any bearing on the asserted estoppel are:

". . . There has never been any objection to the validity of this will by the Defendants herein. As a matter of fact, the said Leticia Pena Salinas, . . . did state upon her oath that . . . she was well and truly going to perform all of the duties required of her under the terms of said will . . ."

There is no allegation that appellee should be estopped from claiming the proceeds of the insurance policies because of any acceptance of benefits of any kind. The contents of the oath which appellee took when she qualified as an executrix under the will are not disclosed either in the stipulation of facts or in the summary judgment proof. The words constituting the oath will not be supplied by argument or by inference. We know of no reason, rule, or law that prohibits a beneficiary of a life insurance policy from qualifying as an executor under the decedent's will, and, at the same time, retaining the proceeds of a policy that named him as a beneficiary under a policy which was owned by the decedent. Appellee's conduct does not constitute a basis for estoppel. Appellant has not pled estoppel. *Hutchinson v. Texas Aluminum Company*, 330 S.W.2d 895 (Tex.Civ.App.— Dallas 1959, writ ref'd n.r.e.).

Appellant did not file a formal reply to appellee's motion for summary judgment. Neither the stipulation of facts nor the summary judgment proof offered by either party reveal anything that would estop appellee "from contesting the petition", as averred by appellant in his first point. Since all factual matters were stipulated, there were and could be no factual issues outside of the stipulation. Appellant is in no position to argue in this Court that "there were issues of fact which should have been submitted to a jury on the question of estoppel", as claimed in his second point. In addition to what has already been said which prevents our sustaining appellant's first and second points, the question of estoppel has been waived. *Fidelity Land & Trust Co. of Texas v. City of West University Place*, 496 S.W.2d 116 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.); *White v. State*, 329 S.W.2d 446 (Tex.Civ.App.—Dallas 1959, writ ref'd n.r.e.). There is no general assignment that the trial court erred in granting a summary judgment in favor of appellee because of estoppel. Under the record here presented, estoppel could not form the basis for denying appellee's motion for summary judgment. The first and second points of error are overruled.

Giving a most liberal construction to appellant's third point of error, the point seems to be that the trial court erred in rendering summary judgment because there were material issues of fact as to "whether or not Amador Pena did all that he could have done under the circumstances then existing to change the beneficiaries on the said insurance policies". We consider the point. Appellant relies solely on the statements contained in the affidavit by his attorney and in the fact that Amador Pena died within 24 hours after he signed the will. The applicable portion of the affidavit reads, as follows:

"Before the death of the said Amador Pena, I was doing some probate work for him in the sale of some property left to him and his children by his deceased wife. A few days before his death, he asked me to look at a will whereby he had left hsi (sic) daughter, Leticia Pena Salinas as the sole executrix of his will. However, at that time, the said Leticia Pena Salinas was having some marrital (sic) problems and had other personal problems and Amador Pena wanted me to change that will which he tore up in my presence. During that time, Amador Pena had been in and out of the Doctor's Hospital with a diagnosis of cancer. Two days before his death, hd (sic) called me by telephone and asked me to please expedite the writing of the will so that he could sign it. On the afternoon before his death, the will was finally completed and taken to Amador Pena at the Doctor's Hospital for his review and execution. The will was signed at about 9:00 o'clock that night. The following day, at about 7:00 o'clock in the evening, the said Pedro P. Garcia was informed that earlier in the day, Amador Pena had died. During my conversations with Amador Pena, he could not remember who the named beneficiaries were in his wills but had indicated that he wanted all of his children to share equally in the proceeds of the life insurance policies."

/s/ Pedro P. Garcia
PEDRO P. GARCIA, AFFIANT

The proceeds from the insurance policy to be paid to a designated beneficiary upon the death of the insured becomes a vested right upon the death of the insured and should be paid to the beneficiary unless from some contingency the beneficiary is not entitled to recover the same. Tex.Ins. Code Ann. art. 3.48; *McFarland v. Franklin Life Insurance Company*, 416 S.W.2d 378 (Tex.Sup.1967). In this case, when the insured took out each policy, a contract was formed and all provisions contained within the policy became binding upon the parties to the contract. The two insurance policies involved herein both contained language specifically providing for the manner and method of changing beneficiaries. Such provisions have been upheld by our Courts as valid and binding. *Garabrant v. Burns*, 130 Tex. 518, 111 S.W.2d 1100, 1103 (Tex. Com.App.1938).

■ The test for determining whether the requirements of a life insurance policy to change the beneficiary have been met is not strict compliance but "substantial compliance". *Garabrant v. Burns*, supra. In essence, this means the policy defines the method by which the insured may change the beneficiary and the insured must substantially comply with that method in order to change the beneficiary. *Fidelity Union Life Insurance Company v. Methven*, 162 Tex. 323, 346 S.W.2d 797 (1961); *Kotch v. Kotch*, 151 Tex. 471, 251 S.W.2d 520 (1952); *Todd v. Mutual Benefit Life Insurance Company*, 483 S.W.2d 889 (Tex.Civ.App.— Waco 1972, writ ref'd n.r.e.).

■ "Substantial compliance" in terms of its application to the change of a beneficiary provided for in the policy means the "insured" has done all that he reasonably could have done to effect the change. *Tips v. Security Life and Accident Company*, 144 Tex. 461, 191 S.W.2d 470 (1945); *Kotch v. Kotch*, supra; *Todd v. Mutual Benefit Life Insurance Co.*, supra.

■ In making our determination on whether the insured has substantially complied with insurance company requirements, there is no hard and fast rule. Each case must be decided on its own set of facts as to what was done or caused to be done by the insured. *Porter v. Garner*, 386 S.W.2d 618 (Tex.Civ.App.—El Paso, 1965, writ ref'd n.r. e.).

In *Creighton v. Barnes*, 152 Tex. 309, 257 S.W.2d 101 (1953), the testator, B. B. Barnes took out several life insurance policies which named his mother, a daughter and a sister as beneficiaries. The policies contained "change of beneficiary" provisions similar to those present in this case. B. B. Barnes, subsequent to the issuance of the policies, by a will which was duly probated, purported to change the beneficiaries from those persons originally designated by him to his wife. The will provided: "Each of these three policies is being made payable solely to my wife." It was stipulated that B. B. Barnes never forwarded any request for a change of beneficiaries to the Insurance Company. The Supreme Court held that the named beneficiaries in the policies were entitled to the proceeds from the policies. The Court noted that there was no doubt but that B. B. Barnes knew what was necessary to be done in order to change beneficiaries since he had, prior to the making of the will, changed beneficiaries originally named in some of the policies. The Court said:

"To permit a change of beneficiary by a will in disregard of provisions in a policy which have the same or similar requirements as to method of change, as these two policies of insurance here, would bring about much uncertainty and litigation as to payment of life insurance policies. Prompt payment of life insurance to those who are the beneficiaries is of inestimable importance to those who are left behind at the death of an insured. Delay and confusion resulting in unnecessary hardship should be avoided."

The Courts of Civil Appeals have also been faced with the question of "substantial compliance" in the matter of changing beneficiaries in a life insurance policy. Some of those cases are noted in the next succeeding four paragraphs.

In *Gladding v. Prudential Insurance Company of America*, 521 S.W.2d 736 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e), the court sustained the contention that "substantial compliance" is met when the insured fills out a change of beneficiary form which is rejected for inaccuracies and is not properly filled out before she dies.

In *Todd v. Mutual Benefit Life Insurance Company*, 483 S.W.2d 889 (Tex.Civ.App.— Waco 1972, writ ref'd n.r.e.), the contention was rejected that the test is met when the insured acquires the proper forms, gets an attorney to put in the proper wording but has the form rejected by the company and dies before being able to properly fill it out.

In *Rector v. Metropolitan Life Insurance Company*, 506 S.W.2d 696 (Tex.Civ.App.— Houston [1st Dist.] 1974, writ ref'd n.r.e.), the Executrix and Trustee brought suit against the insurer to recover the proceeds under a life insurance policy that was pay-

able to the testator's daughter, who was also the sole devisee and legatee under the will. The question there presented was whether the trust provisions in the will entitled the Executrix and Trustee to recover the money in trust for the child. It was held that the will could not and did not alter the designation of beneficiary under the Insurance contract. The Court said:

" . . . The proceeds of the life insurance policies became the property of the insured's daughter upon his death. They did not come into possession of the trustee . . ."

In *Thatcher v. Conway*, 296 S.W.2d 790 (Tex.Civ.App.—Beaumont 1956, no writ) it was stated:

" . . . A testator, of course, has the right to dispose of all his property by will. The testator here had no power or authority to change the beneficiary in his life insurance policies by will. His attempt to cause the proceeds of policies to be paid to the trustees named in his will was of no effect, because upon his death his estate and the executors and trustees thereunder had no interest in the proceeds of the life insurance policies. The insurance proceeds became the property of another at the time of his death. They became payable to the beneficiary named therein. *Wipff v. Wipff*, Tex.Civ.App., 209 S.W.2d 947."

■ Appellee, in the instant case, moved for summary judgment on the ground that she was the designated beneficiary under the policies at the time of her father's death. Her summary judgment proof conclusively established her claim. Appellant did not actively dispute the summary judgment facts, but sought to avoid the effect of appellee's pleadings and evidence by showing that the beneficiaries who were named in the policies were changed by the execution of the will. Neither the decedent (Amador Pena) nor his attorney complied with the provision in each policy that would have effectuated a change of beneficiaries. Appellant's summary judgment proof failed to raise an issue of fact concerning whether or not the decedent did all that he could reasonably have done under the circumstances.

In *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958), it was held:

"Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense . . ."

Here, the summary judgment proof shows that the testator was conscious and wanted to change his will in a particular and vital area, and indicated that he wanted all of his children to share equally in the proceeds of the policies. He discussed the matters with his attorney. The new will was drawn and executed within a matter of hours after his conference with his attorney. There is no showing in this record, and no intimation in appellant's brief, that any effort was made by either the decedent or his attorney to change the name of the beneficiary in any of the three policies except by the directions and provisions in the will itself. Such is not sufficient. *Creighton v. Barnes*, supra. The test of "substantial compliance" was not met in this case. Appellant's third point is overruled.

The judgment of the trial court is AFFIRMED.