Honorable Jerry W. Woodlock District Attorney Cooks, Jack Wise Counties Gainesville, Texas 76240
Re: Whether legal notices may be published in papers entered as third class postal matter.
Dear Mr. Woodlock:
You inquire whether a city may use a publication qualified only as third class postal matter for the publication of legal notices. Article 29a, V.T.C.S., provides that where any law `requires the giving of any notice, the making of any proclamation or advertisement, or the service of any citation by any . . . political subdivision . . . by publication in a newspaper' the publication should be made in a newspaper as defined in article 28a. Article 28a provides in part:
 The following terms shall, unless the context indicates otherwise, have the following respective meanings:
. . . .
 (2) The term `newspaper' shall mean any newspaper devoting not less than twenty-five per cent (25%) of its total column lineage to the carrying of items of general interest, published not less frequently than once each week, entered as second-class postal matter in the county where published, and having been published regularly and continuously for not less than twelve (12) months prior to the making of any publication mentioned in this Act, except that any weekly newspaper shall be allowed to omit two (2) publication issues in twelve (12) months and still retain its status as a newspaper eligible to make any publication mentioned in this Act.
 (3) The term `political subdivision' shall include cities, towns, and villages, but this definition shall not be exclusive.
Article 1025, V.T.C.S., requires the city council to contract `with a public newspaper of the city as the official paper thereof,' and to publish therein all notices required to be published by title 28, V.T.C.S. You wish to know whether a city may adopt as its official paper a newspaper that does not comply with article 28a, in that it is entered as third class postal matter, instead of second class.
In Christy v. Williams, 292 S.W.2d 348 (Tex.Civ.App.-Galveston 1956), writ dism'd, w.o.j., 298 S.W.2d 565 (Tex. 1957), the court considered the validity of notice of a special election, which was published in a newspaper that met all requirements of article 28a(2), except that it was entered at third class postal matter. The court stated that there must be substantial compliance with the laws requiring notice of a special election, and held that notice given in that case constituted substantial compliance.
We do not believe Christy v. Williams authorizes a city to ignore the clear language of article 28a. Even if the substantial compliance standard might save an improper notice after the fact, we do not believe it authorizes a governmental body to ignore the specific requirement of the statute. When the substantial compliance standard is applicable, whether it has been met depends on the facts of each case. See Pena v. Salinas,536 S.W.2d 671 (Tex.Civ.App.-Corpus Christi 1976, no writ); Trussel v. Fish, 154 S.W.2d 587 (Ark. 1941). Thus, we cannot predict in advance that notice by publication in a newspaper entered as third class matter will in fact substantially comply with a particular notice statute.
Although Attorney General Opinion C-514 (1965) stated on the authority of Christy v. Williams that the provision of article 28a(2), V.T.C.S., on second-class matter was directory only, that statement must be limited to its context. The newspaper discussed in C-514 in fact strictly complied with the requirements of article 28a. See also Tex. Att'y Gen. Op. No. 2993-C (To Honorable Herman Price, Jan. 7, 1937), 1936-1938 Tex. Att'y Gen. Bien. Rep. 24.
 SUMMARY
Unless the context indicates otherwise, a newspaper used for legal notices must meet the requirements of article 28a, including entry as second class postal matter in the county of publication.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee