**Annabelle Sholdar KLEIN, Appellant,**

v.

**Donald R. KLEIN, Individually and as Independent Executor of the Estate of Joseph H. Klein, Deceased, and Massachusetts Casualty Company, Appellees.**

**No. 20995.**

Court of Appeals of Texas, Dallas.

June 14, 1982.

Rehearing Denied July 26, 1982.

Douglas E. Yeager, Harold B. Berman, Berman, Fitchtner & Mitchell, Dallas, for appellant.

Allen Landerman, James David Brown, Davenport & Brown, Dallas, for appellees.

Before GUITTARD, C.J., and STOREY and ALLEN, JJ.

GUITTARD, Chief Justice.

This suit concerns renewal commissions due from Massachusetts Casualty Insurance Company after the death of its agent, Joseph Klein. His widow, Annabelle Klein, claims the commissions under his will, and his son by an earlier marriage, Donald Klein, claims them as a third-party beneficiary under the agency contract between Joseph and the company.[1] After the death of Joseph, the company began paying the commissions to Donald, and Annabelle brought suit against both Donald and the company for the commissions and for other relief.[2] The trial court rendered summary judgment denying Annabelle's claim, and she appeals. We approve the summary judgment insofar as it determines that the disposition of any renewal commissions is controlled by the contract between Joseph and the company rather than by his will. However, since we find that a fact issue exists as to whether Donald was properly designated as a beneficiary under the contract, we reverse the judgment and remand the cause for further proceedings.

### Summary-Judgment Proof

The record establishes certain undisputed facts. Joseph Klein was an agent for Massachusetts Casualty Company. His contract with the company gave him the right to certain commissions on the renewals of insurance policies sold by him. The contract further provided that Klein would have no power to transfer, assign or dispose of these commissions without the consent of the company. From time to time Klein signed documents on printed forms entitled "Designation of Death Beneficiary for Commissions Under Agent's Agreement." Each of these documents requests the company to pay any commissions accruing after his death to the beneficiaries named and contains the following provisions:

2. The Undersigned reserves the right to change this Designation.

---

1. Although more than one agency contract and more than one beneficiary designation are involved, all present the same question, and we shall refer to them in the singular.

2. Procedural details of this complex litigation are not deemed relevant to the disposition of this appeal.

3. Any commissions payable under this Designation shall be subject to all of the provisions and limitations of the Agent's Agreement applicable thereto and shall constitute an amendment thereto.

4. No change of designation of beneficiary shall be binding upon the General Agent and Massachusetts Casualty Insurance Company without their consent and unless and until the Company at its Home Office shall have recorded the designation requested.

5. Unless otherwise provided, in the event none of the aforesaid beneficiary(ies) survive the Undersigned, all commissions payable hereunder after the death of the Undersigned shall be paid to the executors or administrators of the estate of the Undersigned.

6. Payment made under this Designation shall fully release Massachusetts Casualty Insurance Company and the undersigned General Agent from all responsibility as to such sums paid.

7. This Designation cancels and supersedes any applicable designation heretofore made by the Undersigned.

At the bottom of each of these forms is a "Consent to Designation," signed by a representative of the company, providing:

Consent is given and a copy of this designation has been recorded at the Home Office of the Company at Boston, Massachusetts, assuming, however, no responsibility for the validity or sufficiency thereof.

The summary judgment rests on the holding, recited in the order, that as a matter of law the designation of April 9, 1979, which names Donald Klein as beneficiary, controls disposition of the renewal commissions rather than the will dated June 9, 1979. Annabelle attacks this ruling both on factual grounds relating to the execution of the document and on legal grounds relating to its interpretation and legal effect. We consider first the legal grounds.

### 1. Interpretation of Beneficiary Designation

Annabelle contends that there is a fact question concerning the intent of Joseph and the company to make a contract for the benefit of Donald. In support of this contention she does not argue that the beneficiary designation is ambiguous, but urges rather that the provision reserving to the agent the right to change the designation, together with the provision requiring the company's consent to such a change, indicate that the document is intended merely as a direction for payment and as protection for the company against demands for double payment, without limiting the agent's power to make a different disposition of the commissions that would be controlling as between the agent's estate and third parties.

We do not agree. In our view, the document is a contract for the benefit of a third party, analogous to a contract of life insurance. It purports to be an amendment of the original agency agreement, and it is consistent with the provisions of that agreement forbidding the agent to make any disposition of the proceeds without the company's consent. Although it provides that the agent has power to change the designation, it limits that power by providing that no change shall be binding on the company without its consent. No specific manner of changing the beneficiary is prescribed other than consent of the company and recording of the document in the company's home office, but, by necessary implication, a request by the agent for a change is required before consent can be obtained. *Creighton v. Barnes,* 152 Tex. 309, 257 S.W.2d 101, 103 (1953). We need not decide whether actual consent and recording are essential to make the change effective as against the beneficiary previously designated, or whether substantial compliance by the agent is sufficient, as held in cases concerning changes of life insurance beneficiaries. *Fidelity Union Life Insurance Company v. Methven,* 162 Tex. 323, 346 S.W.2d 797, 800 (Tex. 1961); *Odle v. Williamson,* 570 S.W.2d 188, 191 (Tex. Civ. App.—Tyler 1978, no writ); *Pena*

*v. Salinas,* 536 S.W.2d 671, 675 (Tex. Civ. App.—Corpus Christi 1976, no writ); 4 A. CORBIN, CONTRACTS § 814 (1951). On either theory, compliance with the requirements of the contract creates a third-party beneficiary contract, that is to say, it imposes on the company a duty, rather than conferring on it a privilege, to make payments to a third party. That duty can be affected only by a subsequent exercise by the agent of his power to change the beneficiary by designating another beneficiary in the manner contemplated by the contract, namely, by a request for a change directed by the agent to the company. In this request the contract in question, consisting of the agency agreement as amended by the beneficiary designation of April 9, 1979, is a third-party beneficiary contract creating essentially the same rights in the beneficiary as a contract of life insurance. *See Kotch v. Kotch,* 151 Tex. 471, 251 S.W.2d 520, 523 (1952); *Witt v. Citizens National Bank, Waco,* 440 S.W.2d 112, 113 (Tex. Civ. App.—Waco 1969, no writ).

This conclusion is not affected by the terms of the "consent" signed by the company, notwithstanding the dangling participle "assuming" and the indefinite reference "thereof." The clear intent is to absolve the company of any possible liability for consenting to a change which the agent has not freely and voluntarily requested. This provision cannot reasonably be interpreted to mean that the company's consent is unnecessary or meaningless.

## 2. Beneficiary Designation as Testamentary

■ Our interpretation of the beneficiary designation disposes also of Annabelle's contention that because of the "right" to change the designation reserved by the agent, the designation is invalid as a matter of law as a purported testamentary disposition. By its terms, the document is contractual rather than testamentary. It expressly amends the preexisting agency agreement. It is a formal legal document executed by completing a printed form, but contains none of the provisions usual for a will.

Although it bears the signature of a witness in a space provided for that purpose, it includes no provision for attestation in the manner required for a will. To hold that this document is an ineffective expression of testamentary intent rather than a valid third-party beneficiary contract would be clearly contrary to the intention of the parties as expressed in it. Consequently, the trial court was correct in holding that it is not a testamentary document. *See Edds v. Mitchell,* 143 Tex. 307, 184 S.W.2d 823, 829–30 (Tex. 1945); *Buehler v. Buehler,* 323 S.W.2d 67, 69–70 (Tex. Civ. App.—Texarkana 1959, writ ref'd n.r.e.).

## 3. Designation of Beneficiary by Will

■ Our interpretation of the beneficiary designation as a third party beneficiary contract also disposes of Annabelle's contention that the later will of Joseph Klein is an effective exercise of his power to change the beneficiary designated in the document of April 9, 1979. Although Joseph Klein had the power to dispose of all his estate by will, he had no power to change the beneficiary of the renewal commissions by will because the right to the commissions was controlled by the contract between him and the company. In the case of an insurance policy, when the terms of the contract define the method by which the insured may change the beneficiary, a change is not accomplished until the insured has, at the least, substantially complied with the method prescribed in the contract. *Creighton v. Barnes,* 152 Tex. 309, 257 S.W.2d 101, 103 (Tex. 1953); *Pena v. Salinas,* 536 S.W.2d 671, 675 (Tex. Civ. App.—Corpus Christi 1976, no writ). Accordingly, under the contract here in question, in order to comply substantially with the beneficiary designation, the agent was required, at least, to notify the company of the change and request its consent. The record shows as a matter of law that Joseph made no effort to comply with the contract in this respect; consequently the will cannot be construed as a contractual request for a change. *Pena v. Salinas, supra,* at 676. At Joseph's death, Donald Klein, the third-party beneficiary named in the contract, ac-

quired a vested right in the commissions, and no interest remained in Joseph's estate which could pass under the will. *See Rector v. Metropolitan Life Insurance Co.,* 506 S.W.2d 696, 697–98 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.), quoting *Thatcher v. Conway,* 296 S.W.2d 790, 796 (Tex. Civ. App.—Beaumont 1956, no writ); 4 A. Corbin, Contracts § 807 (1951).

In this connection, we cannot agree with Annabelle's assertion that by executing the subsequent will expressly bequeathing these commissions to Annabelle, Joseph had substantially complied with the provisions of the contract in that he had done "everything he reasonably could to make the change." If he could sign a will on June 9, 1979, he could also sign a request for the company's consent to a change of beneficiary and direct that such a request be sent to the company. If substantial compliance would have sufficed, a short letter would have been effective. The will, which is not addressed to the company and could not be expected to come to the company's attention before death, cannot reasonably be regarded as compliance with contractual requirements obviously designed to exclude the commissions from any controversy concerning the agent's estate.

It follows also that the company did not unreasonably withhold its consent when Annabelle later demanded payment in accordance with the will. When Joseph died without making any attempt to change the beneficiary in the manner provided by the contract, Donald's rights vested, as we hold for the reasons already stated. Thereafter the company could not effectively consent to any change of the beneficiary. A contrary holding would leave the right to these commissions subject to the very uncertainty of disputes among survivors that the contract, from its terms, was obviously designed to prevent.

### 4. Execution of Beneficiary Designation

■ Although, for the reasons stated, we cannot agree with Annabelle's interpretation of the beneficiary designation or with her contentions concerning its legal effect, we agree that an issue of fact is raised concerning its execution. In her response to the motions for summary judgment, she alleges that such an issue is raised, asserting that Joseph signed the beneficiary designation in blank and never saw it after it was completed. The only testimony bearing directly on the issue comes from James Lyons, the company's general counsel, who stated in this affidavit that he "filled in" the name of Donald Klein as primary beneficiary in Lyons' own handwriting before mailing the document to Joseph for his signature. His letter of transmittal, however, directs Joseph to "fill in your new beneficiary designation." The affidavit of an interested witness cannot be considered as doing more than raising an issue of fact unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach its contents. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex. 1965). We conclude that Lyon's affidavit does no more than raise a fact issue concerning the execution of the April 9 document, which designates Donald Klein as the primary beneficiary. *See Moore & Associates v. Metropolitan Life Insurance Co.,* 604 S.W.2d 487, 490–91 (Tex. Civ. App.—Dallas 1980, no writ).

■ There is also evidence that Lyons mailed the executed copy to Donald rather than to Joseph, and there is no evidence that Joseph ever saw it after he signed it. Annabelle insists that further doubt is cast on Lyons' testimony by contemporaneous declarations of Joseph that he intended for her to receive the commissions after his death, as well as by his will expressly bequeathing them to her, signed only two months later. Consequently, we hold that the summary judgment proof fails to establish as a matter of law that the beneficiary designation in favor of Donald Klein was properly executed. For this reason the trial court erred in rendering the summary judgment. We express no opinion as to what remedy, if any, Annabelle may have if the document is found not to have been properly executed because that question is not raised on this appeal.

Reversed and remanded for further proceedings in accordance with this opinion.