Vicente REYES, et al., Appellants,

v.

Maria I. SALINAS, Appellee.

No. 13–85–407–CV.

Court of Appeals of Texas,
Corpus Christi.

April 17, 1986.

Kelley Whalen, Gonzales, for appellants.

Roger M. Dreyer, Gonzales, for appellee.

Grant E. Adami, III, San Antonio, for interpleader.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment in an interpleader action. The judgment was granted to the appellee, Maria I. Salinas, the named beneficiary in a life insurance policy. Appellants are the parents, brothers, and sisters of Ladislao T. Reyes, the deceased insured. Their sole point of error complains that the trial court erred in granting summary judgment to the appellee. We affirm.

The life insurance policy was issued to the deceased by The Travelers Insurance Company. The Travelers, as plaintiff, filed its interpleader action paying the total amount of the insurance policy into the registry of the court. The petition disclaimed any interest in the proceeds but alleged that appellee Salinas and the appellants, relatives of the deceased, had claimed the proceeds. Appellee answered, asserting her claim to the proceeds as the person named on the written designation of beneficiary. Appellants answered by variously alleging fraud on the part of appellee. Appellee Salinas moved for summary judgment on May 6, 1985, claiming that she, as the named beneficiary, was entitled to the proceeds as a matter of law. Appel-lants made no written response to this motion.

Fraud is an affirmative defense which the nonmovant must expressly present to the trial court along with summary judgment proof when necessary to raise an issue of fact. *Albritton v. Henry S. Miller Co.*, 608 S.W.2d 693, 695 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.); *see Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex.1982); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense (of fraud, in this case) to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Merely pleading the defense is not sufficient to avoid a motion supported by proper proof. *Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex.1974). Since appellants presented no controverting summary judgment proof, we need only determine whether appellee's motion and supporting evidence were sufficient to entitle her to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

Attached to appellee's motion for summary judgment were the affidavits of appellee and her attorney, the Honorable Roger M. Dreyer. Attorney Dreyer stated in his affidavit that he obtained from The Travelers a true copy of the policy of insurance issued to the deceased and a true copy of the written designation of beneficiary form, signed by the deceased and designating Maria I. Salinas as his beneficiary. He attached certified copies of these documents to his affidavit. The affidavit of appellee Maria I. Salinas set out as fact 1) that she lived with the deceased; 2) that he sometimes referred to her as his wife; 3) that they were both aware of her prior undissolved marriage to another man; 4) that she was present in September 1984 when he told Mr. Bobby Grass, a representative of the deceased's employer, that he

wanted appellee to be his beneficiary under the policy; 5) that he said to put "wife" after her name on the designation form; 6) that he then signed the form; and 7) that he died in October 1984. The deposition of appellee Salinas was also before the trial court at the summary judgment hearing.

 The designated beneficiary of a life insurance policy generally is entitled to the proceeds upon the death of the insured. *McFarland v. Franklin Life Insurance Co.*, 416 S.W.2d 378, 381 (Tex.1967); *Pena v. Salinas*, 536 S.W.2d 671, 674 (Tex.Civ. App.—Corpus Christi 1976, no writ); TEX. INS.CODE ANN. art. 3.48 (Vernon 1981). The designation of a named beneficiary as a "wife" or even as a "fiancee" is descriptive only, where the beneficiary can be definitely identified. *Scherer v. Wahlstrom*, 318 S.W.2d 456, 459 (Tex.Civ.App.— Fort Worth 1958, writ ref'd). The beneficiary designation form, attested to by the affidavit of attorney Dreyer, itself establishes appellee's claim to the proceeds. *See* TEX.INS.CODE ANN. art. 3.49–1, § 2 (Vernon 1981). Appellants did not raise any genuine issue of material fact as to the validity of that document.

 A plaintiff who moves for summary judgment is entitled to it if he demonstrates that no genuine issue of material fact exists regarding his claim, unless the nonmovant comes forward to raise a fact issue on an affirmative defense. *O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557, 560 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

We find the summary judgment evidence sufficient to establish that appellee is entitled to the life insurance proceeds as a matter of law. The judgment of the trial court is affirmed.