Gary L. GLADDING, Appellant,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA and Mr. and Mrs. Baldemar V. Torres, Appellees.

No. 16432.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 27, 1975.

Rehearing Denied April 24, 1975.

files, and sent the original to the New York office of I.B.M. The beneficiary change form was received by the corporate payroll office in New York, but was returned to the insured's manager in Houston with instructions to have corrections made so as to show the full names of the intended beneficiaries. The insured was killed in a car accident on November 14, 1970. After her death the change of beneficiary card which had been returned by the I.B.M. New York office together with a new card which had been filled out but not signed by Mrs. Gladding were found in her desk drawer.

Gary L. Gladding made a demand as the named beneficiary on the insurance company for payment of the policy and on its refusal to do so filed this suit. Mr. and Mrs. Torres intervened in the case and the insurance company then paid the proceeds of the policy into the registry of the court.

Werner & Rusk, Bill R. Mathews, L. Giles Rusk, Houston, for appellant.

Powell, Tucker, Kain & Reedy, Richard L. Reedy, Houston, for appellees.

COLEMAN, Chief Justice.

This is a suit to determine the ownership of the proceeds of a life insurance policy. The appeal is from an instructed verdict in favor of the intervenors, Mr. and Mrs. Baldemar V. Torres.

Yolanda M. Gladding, the insured, was an employee of I.B.M. in Houston and was covered by a group life insurance policy. In August of 1970 the insured divorced her husband, Gary L. Gladding, plaintiff below and appellant here, and shortly thereafter she filled out a change of beneficiary form provided by her employer naming her parents "Mr. and Mrs. B. V. Torres" as beneficiaries. There were no children born to insured and her husband. The form was received by her immediate superior who checked it, signed it, gave the insured one copy, retained one copy for the employee

The insurance policy contained the following provision:

"Any Employee insured hereunder may designate a new beneficiary at any time by filing with the Employer a written request for such change on forms satisfactory to the Company, but such change shall become effective only upon receipt of such request at the Office of the Employer where the records of the Employee's insurance under this policy are maintained. . . ."

It is uncontroverted that the form for the change of beneficiary under the particular group life insurance policy insuring Mrs. Gladding was furnished to her by the employer and that the form was satisfactory to the company. Printed on the form was the following instruction: "Show all names in full, such as Mary Ann Doe, not Mrs. John A. Doe or M. A. Doe." It is uncontroverted that the form was properly filled in with the exception that the beneficiaries were named as "Mr. and Mrs. B. V. Torres."

Appellant's first point of error reads:

"The Court erred in directing a verdict against Appellant in a case where there was sufficient evidence of probative value to raise a fact issue on a material question on which the jury could have based its findings."

This point of error does not point out what fact issue was raised, and we find none. In his statement and argument under the point appellant contends that he "was entitled to recover unless the Appellees could prove a valid and effective change in the beneficiary under the terms of the policy . . . Burden was on the Appellees to prove that the insured, Yolanda Gladding, complied with the formal manner dictated by the policy regulations in accomplishing a beneficiary change or that she did everything she could have done within reason to make the change pursuant to such regulations, under the theory of substantial compliance . . . The facts of the case show no formal or strict compliance since the beneficiary change request card was returned to the insured for corrections. There is no evidence to support the finding of substantial compliance for the insured failed to make the required corrections and resubmit the form as requested. The facts of this case show that appellant was entitled to an instructed verdict as the appellees' case was not supported by any evidence."

The point does not, either by its language, or by reference to the statement and argument thereunder, present to this court the question of whether the testimony establishes as a matter of law the failure of the insured to properly comply with the provisions of the insurance policy in her attempt to change the beneficiary named in the policy. Appellant did not contend in his brief that the failure of the insured to list the full names of the beneficiaries on the change of beneficiary request constituted a failure to comply with the policy provisions regarding change of beneficiary. Appellant's contention is summarized in the brief as follows:

"To sustain Intervenors' position is to permit a beneficiary change card which was not accepted by the insurance company and in fact was returned to the insured and lay unattended for weeks in her desk or a change card which was never signed, to constitute a change. This is contrary to law and reason. No change was ever effected."

This contention is unsound. The policy provided that the change should become effective upon receipt of such request at the office of the employer where the records of the employee's insurance under the policy were maintained. It is undisputed that the requested change on a form satisfactory to the company was received at the proper office of the employer.

The real question is whether or not a policy provision requiring the request for change of beneficiary to be "on forms satisfactory to the company" requires that the form be filled out in a manner that is satisfactory to the company. The testimony is that the company returned the card for corrections and that the corrections were not made. There is no dispute as to the identity of the intended beneficiaries and no contention that they cannot be identified from the information furnished by the card. There is no evidence that the insurance company prescribed the wording found on the form which was used. The failure to follow the instructions printed on the form as to the manner in whch it should be filled out does not violate the policy provision that a request for change of beneficiaries be "on a form" satisfactory to the company.

An insurer may make reasonable regulations in the policy defining the method by which a member may change the beneficiary named in the certificate, and, when the beneficiary is a third party, such regulations become a part of the contract and the beneficiary named in the certificate has a right, by virtue of the contract,

to require that a change be made substantially in accordance with the manner provided. Garabrant v. Burns, 130 Tex. 518, 111 S.W.2d 1100 (1938).

Where the insured has substantially complied with the policy provisions in regard to the manner by which a change of beneficiaries may be accomplished, the desired change of beneficiaries will be effected. Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101 (1953). In this case the undisputed evidence shows that the insured did substantially comply with the requirements of the policy for a change of beneficiaries, and the trial court did not err in so concluding. This change became effective on the date the form was received at the New York office of the I.B.M. Company. The subsequent handling of the card did not undo what had already been accomplished.

Since the evidence shows that the insured effectively designated Mrs. and Mrs. B. V. Torres as beneficiaries of the insurance policy in question, points of error 2 and 3 presented in appellant's brief become immaterial.

The judgment is affirmed.