Opinion issued January 9, 2003










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00345-CV




LISA H. ROCK, Appellant

V.

JENNIFER ROCK FUNK; KAREN BLOMSTROM, DEPENDENT
ADMINISTRATRIX OF THE ESTATE OF JOHN ROCK JR., DECEASED; AND
BANK OF TEXAS, N.A., Appellees




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2001-19109




MEMORANDUM OPINION

           Appellant, Lisa H. Rock, brought suit against First Colony Life Insurance
Company (First Colony) to establish that she, as the owner and beneficiary of a life
insurance policy (the Policy), was entitled to its proceeds. First Colony answered the
lawsuit and filed a cross-claim for interpleader, naming Jennifer Rock Funk, and
Citizens National Bank (Bank) as parties.


 Karen Blomstrom, Dependent
aministratrix of the estate of John Rock, Jr. (Estate), intervened in the case, asserting
that the Estate was entitled to the proceeds of the Policy. The trial court rendered
summary judgment for the Estate against appellant, denied relief as to all other claims
and parties, and held that the Estate was the lawful beneficiary under the Policy. 
Appellant argues, in three related points of error, that the trial court erred in
modifying the terms of the insurance contract between John Rock, Jr. (Rock) and
First Colony, and in failing to give effect to Rock’s change-of-beneficiary request. 
          We affirm.
Facts
          On February 25, 1985, First Colony issued the Policy to Rock, which insured
his life in the amount of $150,000. The beneficiary at that time was Rock’s 401(k)
plan administrator. See generally 26 U.S.C.S § 401(k) (LexisNexis 2001). The
Policy contract stated, under a title of “Change of Owner and Beneficiary,” that,
“[w]ritten notice of change must be filed at the home office in a form acceptable to
the Company.” (Emphasis added.) The “policy change form,” provided by First
Colony, stated that “[a] collateral assignee must sign for changes under Item 1, 3, 6,
7, and 8.” Item 1 was the section of the form used to change ownership of the policy. 
The form also provided that, “[a] Change of Owner will be processed before any other
change unless clearly indicated otherwise.”
          On June 9, 1989, Rock collaterally assigned the Policy to the Bank for “any and
all liabilities of [Rock] . . . either now existing or that may hereinafter arise . . . .” On
June 17, 1997, First Colony notified Rock that the Policy had been transferred from
his 401(k) plan to him, and that the beneficiary was “the estate of the insured.” In
June 2000, Rock married appellant. Rock had one child, Jennifer Funk, from a
previous marriage. On June 21, 2000, Rock completed a policy-change form to
change the beneficiary and owner of the policy to appellant. First Colony received
the request on June 26, and in a letter dated June 28, notified Rock that it could not
process the request because the Policy had been collaterally assigned to the Bank and
the signature of a senior officer at the Bank was needed to effectuate the change. The
June 28 letter from First Colony included new policy-change forms.
          In December 2000, Rock filed for divorce. On December 7, 2000, Rock
completed the policy-change forms to change the beneficiary and owner of the Policy
to his daughter, Funk, and he sent the originals to her, but he again failed to have the
Bank sign as a collateral assignee. Rock committed suicide on February 19, 2001. 
The records of First Colony showed that the Estate was the beneficiary of the policy
at the time of Rock’s death.
Standard of Review
          The standards for reviewing a traditional motion for summary judgment are as
follows: (1) the movant for summary judgment has the burden of showing there is no
genuine issue of material fact and the movant is entitled to judgment as a matter of
law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as true; and
(3) every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in the nonmovant’s favor. Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment
if at least one element of each of the plaintiff’s causes of action is negated as a matter
of law. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex.
1995). A defendant may also prevail on a motion for summary judgment by
conclusively proving all elements of an affirmative defense as a matter of law, such
that there is no genuine issue of material fact. Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995) (per curiam). 
Discussion
          In his three related points of error, appellant argues that the trial court erred in
modifying the contract between Rock and First Colony, and erred in failing to give
effect to Rock’s request to make appellant the owner and irrevocable beneficiary of
the policy. The trial court, in its summary judgment order naming the Estate as the
lawful beneficiary, determined that Rock’s attempt to make appellant the owner and
beneficiary of the Policy in June 2000 was not “in a form acceptable to the
Company.” The trial court also stated that even if the Bank’s authorization was not
required to make a beneficiary change, First Colony was still justified in not making
the beneficiary change because First Colony required that ownership changes be
made before beneficiary changes (as noted in the change-of-ownership form). The
trial court explained that the policy made sense because the new owner could
designate whoever the new owner wished to be the beneficiary. 
          The Texas Supreme Court, in addressing the right of an insured to change the
beneficiary under a policy, has held that,
[W]hen the terms of the policy of insurance, or the constitution or
bylaws of the fraternal insurance association, define the method by
which the insured may change the beneficiary, a change is not
accomplished unless the insured has substantially complied with the
method designated . . . or unless he has done all that he could reasonably
have done to perfect a change.

Tips v. Sec. Life & Accident Co., 191 S.W.2d 470, 471 (Tex. 1945). While substantial
compliance with the terms of the policy is required to effectuate a change of
beneficiary, strict compliance is not. Todd v. Mut. Beneficiary. Life Ins. Co., 483
S.W.2d 889, 891 (Tex. Civ. App.—Waco 1972, writ ref’d n.r.e.); see also Tips, 144
Tex. at 464, 191 S.W.2d at 471; Gladding v. Prudential Ins. Co. of Am., 521 S.W.2d
736, 739 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref’d n.r.e.). Even if an
insured has the absolute right to change the beneficiary under the policy, the insurer
can make reasonable regulations that define the method by which the insured can
make a change. Scherer v. Wahlstrom, 318 S.W.2d 456, 458 (Tex. Civ. App.—Fort
Worth 1958, writ ref’d); Gladding, 521 S.W.2d at 739. 
          The insurance policy in Gladding contained the following provision:
Any Employee insured hereunder may designate a new beneficiary at
any time by filing with the Employer a written request for such change
on forms satisfactory to the Company, but such change shall become
effective upon receipt of such request at the Office of the Employer
where the records of the Employee’s insurance under this policy are
maintained.

Gladding, 521 S.W.2d at 737 (emphasis added). The insured in Gladding had filled
out and sent in a form that had been furnished to the insured by “the company.” Id.
at 738. The policy-change form instructed that the names of the beneficiaries be
printed in full, such as “Mary Ann Doe, not Mrs. John A. Doe.” Id. The insured,
however, named the beneficiaries as “Mr. And Mrs. B. V. Torres,” and as such, was
not in complete compliance with the instructions on the form. Id. The Gladding
court held that the attempted change was effective because it was undisputed that the
form used by the insured, which was provided by the company, was satisfactory to
the company. Id. The court noted that the form was not required to be filled out “in
a manner that is satisfactory to the company,” because the policy language only
required that the forms be filled out “on forms satisfactory to the company.” Id.
(emphasis added).
          The policy in this case did not merely require that the request be sent in on a
form satisfactory to First Colony. Rather, Rock’s policy states that the notice of
change must be filed “in a form acceptable to the Company.” The Gladding court
took pains to distinguish language stating, “on forms satisfactory to the company,”
from language indicating that the forms needed to be filled out “in a manner that is
satisfactory to the company.” Accordingly, we will focus our query on whether Rock
completed the First Colony policy-change forms in substantial compliance with the
provision of his Policy which required notices of change to be sent “in a form”
acceptable to First Colony.
          The policy-change form provided by First Colony required the signature of the
“collateral assignee” in order to effectuate a change in the ownership of the Policy. 
Rock had collaterally assigned the Policy to the Bank in June 1989 for “any and all
liabilities of [Rock] . . . either now existing or that may hereinafter arise . . . .” Rock
sent in the policy-change form in June 2000 without the signature of a Bank
representative, and First Colony rejected it two days later for that reason. After Rock
was notified of the rejection, he took no action to complete another policy-change
form until about six months later, in December 2000, when he completed another
form, again without the signature of a Bank representative, to change the ownership
to his daughter, Funk. The summary-judgment evidence conclusively shows that
Rock made little or no effort to send written notice of an ownership change to First
Colony in a form acceptable to it. Accordingly, we hold that Rock did not
substantially comply with the Policy terms, and the trial court did not err in holding,
as a matter of law, that Rock did not successfully change the ownership of the Policy
to appellant.
          Appellant also argues that, even if First Colony was justified in ignoring
Rock’s request to make appellant the owner of the Policy, First Colony should have
made appellant the irrevocable beneficiary of the Policy. Rock had requested, under
Item 4, that appellant be named as the beneficiary of the policy. The Policy did not
require the signature of a collateral assignee for a change in Item 4. But the policy 
change form stated that, “A Change of Owner will be processed before any other
change unless clearly indicated otherwise.” Rock’s request for a change in
beneficiary and in ownership was on a single policy-change form. Rock did not
indicate on the form that the beneficiary change be processed before the change in
ownership. First Colony rejected the policy-change form in its entirety, and, after
receiving the letter notifying him of the rejection, Rock took no action to fill out the
new forms provided for him to indicate that he wanted a change in beneficiary to be
processed before a change in ownership. Accordingly, we hold that Rock did not
substantially comply with the terms of the Policy, and the trial court did not err in
holding as a matter of law that Rock did not successfully change the beneficiary of
the Policy to appellant.
          We overrule points of error one through three.
Conclusion
We affirm the trial court’s judgment. 
 
 
                                                                  Sherry Radack
                                                             Chief Justice
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.